[Civ. No. 59343. Second Dist., Div. Two. July 25, 1980.]

ERNEST W. HAHN, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TINY NAYLOR'S RESTAURANTS, Real Party in Interest.

**COUNSEL**

Dean, Mansell & Manchester and Robert E. Kuhn for Petitioner.

No appearance for Respondent.

James F. Callopy for Real Party in Interest.

**OPINION**

**COMPTON, J.**—Proceedings in mandamus to vacate an order denying petitioner's motion for summary judgment and to direct the superior court to enter summary judgment in favor of petitioner. We issue the writ as prayed for.

One Talma E. Hopper slipped and fell on an allegedly defective step at the entrance to Tiny Naylor's Restaurant (RPI) in January of 1976. She commenced a personal injury action against RPI in January of 1978.

RPI cross-complained for indemnification against petitioner—the building contractor who built the restaurant. Construction of the restaurant was completed in 1967.

Code of Civil Procedure section 337.1 provides that no action for damages resulting from patent defects may be maintained against persons who construct improvements to real property more than four years after substantial completion of the improvement. Code of Civil Procedure section 337.15 provides, in the case of latent defects, a limitation period of 10 years after completion.

Inasmuch as it appears that Hopper's action against RPI was commenced more than 10 years after petitioner completed construction of the building, we are not here concerned with whether the defect complained of was "patent" or "latent." A direct action by Hopper against petitioner would be barred in either event.

■ The sole issue presented in these proceedings is whether Code of Civil Procedure section 337.15 operates to bar an action for indemnity against petitioner. The essential facts being uncontroverted, a motion for summary judgment is the proper vehicle for resolution of the issue. The trial court's ruling was that the action was not barred because of the California Supreme Court holding in *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744 [163 Cal.Rptr. 585, 608 P.2d 673]. We disagree.

That case involved a cross-complaint for indemnity against the State of California filed by a number of defendants in a personal injury action. The Tort Claims Act requires the filing of a claim within certain

prescribed time periods following the accrual of a cause of action against the state. Neither the plaintiff nor the cross-complainants had filed such a claim.

The court there held that (1) the cause of action for indemnity did not accrue until after judgment and payment of damages in the plaintiff's action against the original defendants, and (2) the defendants' action for indemnity is a separate and independent action and is not barred by the fact that the statute of limitations may have run on a direct action by the plaintiff against the alleged indemnitor.

Assuming arguendo that the broad language of *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* can be interpreted as applying to all statutes of limitation and not just to the rather short limitation periods of the Tort Claims Act, we are of the opinion that the clear legislative policy embodied in Code of Civil Procedure section 337.15, and the specific language of that statute itself, places it beyond the pale of the holding in that case.

■ Code of Civil Procedure section 337.15 fixes the point at which the period of limitations begins to run at the completion of construction and *not the accrual of any cause of action resulting therefrom.* Further, since it deals with *latent* defects and places a finite limit on the time in which an action can be brought, the limitation period contained therein is not one which can be extended by any reasonable failure to discover the defect or the cause of action.

The public policy served by the statute is to promote construction and the full enjoyment and use of real property by removing the peril of remote and distant liability which would tend to deter persons from entering into the construction business. (*Wagner* v. *State of California* (1978) 86 Cal.App.3d 922 [150 Cal.Rptr. 489].)

Applying the holding in *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* it is clear that the cause of action for indemnification in this case would accrue after judgment in the underlying action, *RPI's cause of action will thus accrue* at a point long after the lapse of 10 years from the completion of the construction. That cause of action, if it is not already barred prior to the time that it will presumptively accrue, would be subject to a limitation period of four years from that point. (Code Civ. Proc., § 343.) Since injuries to persons may occur at

the building as long as it remains standing, the failure to apply Code of Civil Procedure section 337.15 would result in removing any limitation period for actions against builders because of alleged defects in construction.

The Legislature appears to have anticipated the problem by insertion of the following language in Code of Civil Procedure section 337.15. "(c) As used in this section, 'action' includes an action for indemnity ...except that a cross-complaint for indemnity may be filed...in an action which has been brought [within 10 years after completion of construction]."

Thus if an injured party brings an action against the owner of a building within the 10-year limitation period on latent defects, a defendant may by way of a cross-complaint in the action, seek indemnification against the constructor of the building, even though his cause of action has not technically accrued. Such a procedure was approved by the Supreme Court in *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra.*

Even in the absence of that statutory provision, however, we would conclude that by virtue of the fact that the running of the period of limitation in Code of Civil Procedure section 337.15 is triggered by substantial completion of construction rather than the accrual of the cause of action, an action for indemnity would be barred unless brought within the 10-year period or asserted in a cross-complaint in an action which itself was brought within the limitation period.

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying petitioner's motion for a summary judgment and in its place enter an order granting said motion. The alternative writ is discharged.

Roth, P. J., and Beach, J., concurred.