[L.A. No. 31571. Nov. 29, 1982.]

SALVADOR MARTINEZ et al., Plaintiffs and Appellants, v. EDWARD TRAUBNER, Defendant and Respondent.

COUNSEL

Rand & Goodchild, Schermer & Rand and Matt J. Batt for Plaintiffs and Appellants.

Michael D. Nelson as Amicus Curiae on behalf of Plaintiffs and Appellants.

Long & Levit and Michael M. Pollak for Defendant and Respondent.

Anderson, McPharlin & Conners and Eric Winter as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**THE COURT.**\*—We granted a hearing in this case to resolve a conflict between the Court of Appeal decision herein and the decision in *Ernest W. Hahn, Inc.* v. *Superior Court* (1980) 108 Cal.App.3d 567 [166 Cal.Rptr. 644]. We have concluded that the analysis contained in Justice McClosky's opinion for the Court of Appeal in the present case correctly treats the issues and we adopt the relevant portions of that opinion,† which reads as follows:

On March 28, 1978, Salvador Martinez fell from the roof of a house on which he was working, sustaining serious personal injuries which caused him to be a paraplegic. He and his wife Isabel filed a complaint for damages for personal injuries on September 19, 1978, against the owners of the house and several Does. Thereafter, on March 8, 1979, they filed a first amended complaint for personal injury damages against Edward Traubner, the builder of the

---

\*Before Bird, C. J., Mosk, J., Richardson, J., Kaus, J., Broussard, J., Reynoso, J., and Trotter, J.‡

†Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

‡Assigned by the Chairperson of the Judicial Council.

house, and others, alleging that the roof collapsed due to a latent defect. It was further alleged that construction of the house was completed on July 20, 1959.

Mr. and Mrs. Martinez appeal from judgment entered in favor of Mr. Traubner after the trial court granted his motion for judgment on the pleadings, contending:

1. [Appellants'] first amended complaint does state a viable cause of action against respondent.

2. As properly construed Code of Civil Procedure section 337.15 does not apply to personal injury actions.

3. Public policy considerations require that section 337.15 not apply to personal injury actions.

DISCUSSION

I

Respondent's motion for judgment on the pleadings was based on the sole ground that appellants' cause of action was barred by the 10-year statute of limitations provided in Code of Civil Procedure section 337.15. All statutory references herein are to the Code of Civil Procedure. That section provides, in pertinent part:

"(a) No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of such development or improvement *for any of the following*:

"(1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.

"(2) Injury to property, real or personal, arising out of any such latent deficiency.

"(b) As used in this section, 'latent deficiency' means a deficiency which is not apparent by reasonable inspection.

" . . . . . . . . . . . . . . . . . . .

"(d) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for bringing any action.

"(e) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement, at the time any deficiency in the improvement constitutes the proximate cause for which it is proposed to bring an action.

". . . . . . . . . . . . . . . . . . . . . . ." (Italics added.)

■ The issue presented in this appeal is whether this section bars a personal injury action for damages brought against a building contractor more than 10 years after his substantial completion of the improvement where the personal injury damage is alleged to have arisen out of such latent deficiency.

The applicable rules of statutory construction require that "[w]e begin with the fundamental rule that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining such intent '[t]he court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.] 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.]; 'a construction making some words surplusage is to be avoided.' [Citation.] 'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Applying these principles to the case before us, we note that when it was first introduced in the Legislature the original bill, which was ultimately enacted as section 337.15, contained express language applying it to personal injury and wrongful death arising out of *latent* defects. (Assem. Bill No. 2742, Apr. 15, 1971.) This language was removed by amendments and the section was enacted in its present form. (Stats. 1971, ch. 1569, § 1, p. 3148; see also, *Wagner* v. *State of California* (1978) 86 Cal.App.3d 922, 931 [150 Cal.Rptr. 489], dis. opn.) This deletion was highly significant, especially since section 337.1, a similar section providing a four-year statute of limitations for damages arising from *patent* defects, was in existence at the time, and specifically provided that it applies to "injury to the person or for wrongful death arising out of any such patent deficiency." (§ 337.1, subd. (a)(3).)

From these circumstances it appears that when the Legislature intended to set a limitation on the period during which a builder or developer could be liable in damages for a personal injury or wrongful death resulting from a defect in construction, it did so specifically. It follows that where it did not do so, it did not so intend.

Moreover as enacted, and as it remains the law of this state, section 337.15, subdivision (a) provides for the 10-year limitation for bringing an action for damages against certain kinds of persons ". . . for any of the following:" It then lists as the following, *only*:

"(1) Any latent deficiency in the design, specification, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property.

"(2) Injury to property, real or personal, arising out of any such latent deficiency."

Thus, by its express language, section 337.15 only bars actions for damages for (1) the deficient work or property itself and (2) damage to other real or personal property arising from such deficiency.

Our reading of the express words of section 337.15, our giving consideration to its legislative history, and harmonizing that section in the context of the statutory framework as a whole, leads us to conclude that section 337.15 does not limit the time within which direct actions for personal injury damages or wrongful death may be brought against the persons specified in the statute.

## II

Respondent [] [relies upon] *Ernest W. Hahn, Inc.* v. *Superior Court*[, *supra*,] 108 Cal.App.3d 567, [] for the proposition that "a personal injury action against a building contractor was barred by the applicable statute of limitations where the construction had been completed more than 10 years before plaintiff filed suit."

In *Hahn* the plaintiff sustained personal injuries when she fell on an allegedly defective step at [real party in interest (RPI)] Tiny Naylor's restaurant. She did not file her personal injury action against RPI owner until January 1978, *more than 10 years* after the building contractor, Hahn, had substantially completed construction in 1967. (*Hahn, supra,* at p. 569.) RPI owner then cross-complained against the building constructor, petitioner Hahn, who brought a motion for summary judgment on the cross-complaint. After the trial court denied the motion, the Court of Appeal granted a peremptory writ of man-

damus directing the superior court to vacate its order denying petitioner's motion, and enter an order granting the motion. The *Hahn* court freely acknowledged that "[t]he sole issue presented in [the *Hahn*] proceedings is whether Code of Civil Procedure section 337.15 operates to bar an action for indemnity against petitioner." (*Hahn, supra,* at p. 569.) The *Hahn* court held that the [owner's] cross-complaint for indemnity was barred because it was not brought within the 10-year limitation period of section 337.15 following completion of construction. It erroneously assumed, without discussing its basis for so doing, and without citing any authority for the proposition, that section 337.15 bars an action for personal injuries brought more than 10 years after the substantial completion of the improvement.

The holding in *Hahn* thus appears to us to be clearly contrary to both the express language of section 337.15 and the Legislature's intent in enacting it.

Moreover, such strained interpretation of that section leaves the owner or possessor of property in a position where he or she can be held liable to a person injured as the result of a latent defect without the right to any redress against the contractor or developer who created the latent deficiency (by virtue of the provisions of subd. (e) of § 337.15, which bars the person in possession from asserting the defense of this 10-year limitation). Such a result turns reason upside down.

### III

The purpose of section 337.15 has been stated as "to protect developers of real estate against liability extending indefinitely into the future." (*Leaf* v. *City of San Mateo* (1980) 104 Cal.App.3d 398, 405 [163 Cal.Rptr. 711].) [] [We have] noted that "[a] contractor is in the business of constructing improvements and must devote his capital to that end; the need to provide reserves against an uncertain liability extending indefinitely into the future could seriously impinge upon the conduct of his enterprise." (*Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 633, fn. 2 [147 Cal.Rptr. 486, 581 P.2d 197].)

However, the history of section 337.15 and its express language, leads us to believe that the Legislature intended to impose the 10-year time limitation on suits against certain kinds of persons specified in that section against *certain types* of liability, but not from *all* liability. The liability from which those persons are protected after the expiration of the 10-year limitation period is solely for damages for the deficiency itself (§ 337.15, subd. (a)(1)) and for damages to property arising out of the latent deficiency (§ 337.15, subd. (a)(2)).

The Legislature was necessarily faced with the balancing of conflicting public policies when it enacted this statute. Juxtaposed against the economic need of architects, contractors and developers to be free, at some point, [] [from] liability for *latent* defects, is the human economic need of persons who suffer personal injury or death as a result of those defects. Architects, contractors, designers, builders, developers of real property and their sureties, by virtue of their training, experience and knowledge of a particular project, are in a better position to prevent and protect against such *latent* defects than are persons who later sustain personal injury or death as a result of a defect which is by statutory definition "not apparent by reasonable inspection." (§ 337.15, subd. (b).) The situations in which such a cause of action would arise are thus qualitatively different from those in which damages to person or property result from a *patent* defect.

This significant difference was apparently recognized by the Legislature when it included among the actions barred four years after the completion of construction those for personal injury or wrongful death resulting from a *patent* defect. If the Legislature wished to bar actions arising from latent deficiencies for personal injuries or wrongful death brought more than 10 years after substantial completion of the improvement, it could have done so. It did not, and we may not read into this statute that which the Legislature has plainly left out of it. [] [End of Court of Appeal opinion.]

The judgment is reversed.

Respondent's petition for a rehearing was denied December 29, 1982.