STEPHENS, Senior District Judge.
 

 Gary J. Borba filed a petition in bankruptcy under Chapter 7 of Title 11, U.S.C., on December 16, 1981. Under 11 U.S.C. § 544(b), Lang, the trustee in bankruptcy, sought to avoid a sale by the bankrupt to appellees Michael and Cynthia Graham for non-compliance with the bulk sales provisions of California Commercial Code Division 6, and under California Civil Code § 3440.
 

 A building was located on land which was part of the Southern Pacific Railway right of way. Pursuant to an agreement of sale, the bankrupt sold the “building” to the Grahams for $30,000, payable in installments. It was agreed between the court and the parties that the trial of the case would be bifurcated and that if the statute of limitations applicable to bulk sales had run on the transaction, as contended by the buyers, this would be dispositive of the entire case. The Bankruptcy Judge decided that the statute had run and this ruling was concurred in by the District Court on review, and is now challenged by appellant. The only issue before this court is whether the statute of limitations has run.
 
 [1]
 

 The Bankruptcy Court found that the parties agreed to the sale on November 5, 1980, and that the buyers took possession of the building during the month of November. Shortly after November 5, the buyers changed their address with the Post Office to that of the new building, ordered new business cards, and moved their sign to the new location. In the same time period, the Grahams moved their inventory
 
 *1319
 
 into the new building, and Mrs. Graham herself moved to the building, where she commenced performing secretarial and bookkeeping services for their business. The Grahams paid no rent to their previous landlord for any period after November, 1980; on December 1, 1980, théy made a payment of $1,000 to the bankrupt for the building. The Bankruptcy Court concluded that the sale was not void under California Civil Code § 3440.
 

 When the buyers took possession is a question of fact. A finding on this subject can only be overturned if it is clearly erroneous. Federal Rule of Civil Procedure 52(a), 28 U.S.C.;
 
 Burlington Northern, Inc. v. Weyerhauser Co.,
 
 719 F.2d 304 (9th Cir.1983). Although the evidence as it stands in the record on appeal is conflicting and inexact, there is substantial evidence to support the finding of the trial courts that the sale took place more than one year prior to the date of bankruptcy. California Commercial Code § 6111 provides:
 

 “No action under this division [Division 6, Bulk Transfers] shall be brought nor levy made more than one year after the date on which the transferee took possession of the goods unless the transfer has been concealed.”
 

 The trustee’s complaint alleged that the building constituted personal property. The buyers’ answer did not deny this allegation, and it was deemed admitted for the hearing on the first part of the bifurcated trial regarding the running of the statute of limitations. Federal Rule of Civil Procedure 8(d), 28 U.S.C.
 

 California Commercial Code § 6105 provides:
 

 “(1) Any bulk transfer subject to this division except one made by auction sale (§ 6108) is fraudulent and void against any creditor of the transferor unless the transferee gives notice of the transfer in the manner and within the time hereafter provided....”
 

 In its adoption of the Commercial Code, California altered the recommended text of the Uniform Commercial Code language “ineffective” against the transferor’s creditors, to “fraudulent and void”, which continues the long-standing language of § 3440 of the California Civil Code previously relating to bulk sales. This provision is consistent with the one-year statute of limitations (§ 6111) for this particular kind of fraud, substituting for the three-year statute which applies generally to fraud (California Code of Civil Procedure § 338(4)). The statute begins to run on the date the transferee took possession of the goods, unless there has been concealment, whereupon it starts to run on the date of the discovery of the sale, as in the case of other types of fraud. See John Bohn and Charles Williams, “California Code Comments”, 23B
 
 West’s Annotated California Codes,
 
 Commercial Code § 6111, p. 772 (1964).
 

 Because the trial court found that the sale took place more than one year prior to the date of bankruptcy, it is evident that the statute of limitations had run unless there has been concealment. The trustee has not identified any affirmative acts by the parties to conceal the sale. The question we must consider is therefore whether mere failure to comply with the notice requirements set forth in California Commercial Code § 6107 constitutes concealment within the meaning of California Commercial Code § 6111. There have been no cases in California or the Ninth Circuit squarely addressing this question.
 
 [2]
 
 Other jurisdictions have reached various conclusions. Compare
 
 E.J. Trum, Inc. v. Blanchard Parfum, Inc.,
 
 33 A.D.2d 689, 306 N.Y.S.2d 316 (1969) (failure to comply with Article 6 of the UCC was a concealment of the transfer of assets under
 
 *1320
 
 § 6-111), with
 
 Aluminum Shapes, Inc. v. K-A Liquidating Co.,
 
 290 F.Supp. 356 (W.D.Pa.1968) (concealment requires affirmative act by parties to transfer).
 

 In construing a statute, it is the duty of the court to give significance to every word, phrase, sentence and part of an act in pursuance of the legislative purpose, and to give effect to the statute as a whole, and not render it partially or entirely void. California Code of Civil Procedure § 1858; California Civil Code § 3541;
 
 Martinez v. Traubner,
 
 32 Cal.3d 755, 187 Cal.Rptr. 251, 653 P.2d 1046 (1982). The court cannot omit or add to the plain meaning of a statute. See 58
 
 Cal.Jur.3d.,
 
 § 76, pp. 438-440, § 105, pp. 478-480; 82
 
 Corpus Juris Secundum,
 
 § 346, pp. 705-717.
 

 Section 6111 deals with three distinct ele-' ments: (1) compliance with the Division 6 notice provision (§ 6107); (2) actions against transferees to avoid transfers may not be brought more than one year after the transferee took possession unless the transfer has been concealed; and (3) where the transfer has been concealed, the one-year statute of limitations does not commence to run until discovery of the transfer.
 

 The provision requiring notice of an impending bulk sale is designed to prevent fraud (§ 6107). Where notice has not been given, California Commercial Code § 6111 requires prompt action by creditors claiming to have been defrauded by the transfer, unless there has been concealment of the transaction by the parties thereto. Justice in the latter situation requires that the time limitation on actions not commence until the sale has been discovered by the injured creditor, but public policy still requires prompt action, that is, within one year of discovery. All of this is a coordinated effort to prevent fraud through bulk sales. Each provision has a distinct purpose and it is obvious that failure to give the § 6107 notice is not the concealment referred to in § 6111. If failure to give notice is concealment, then the language referring to the date the transferee took possession as the commencement of the running of the stat-ute has no effect whatsoever, and neither does reference to tbe date of discovery of the transfer if there has been concealment. The trial courts were correct in looking to the actions of the parties to determine whether or not they affirmatively concealed the sale, and found that they had not done so.
 

 The order of the District Court is -affirmed.
 

 [1]
 

 . This decision is not to be construed as holding that the sale of a building is subject to the California bulk sales provisions of Division 6 of the California Commercial Code, since this was not an issue on appeal.
 

 [2]
 

 . This court has pointed out, however, that the California legislature has "indicated its belief” that creditors are adequately notified of bulk transfers without the filing of special bulk transfer notices.
 
 Chartered Bank of London v. Diamant,
 
 716 F.2d 557, 561 n. 7 (9th Cir.1983). Division 6 originally required that creditors file bulk transfer notices when they created security interests in a substantial part of equipment or inventory but the legislature subsequently eliminated that requirement.