[No. A018021. First Dist., Div. Two. July 22, 1985.]

TOMLINSON IRVING MOSELEY et al., Plaintiffs and Appellants, v.
NED H. ABRAMS, Defendant and Respondent.

■■■■■■■■■
■■■■■■■■■■■■■■

**COUNSEL**

John R. Streett and Joseph A. Forest for Plaintiffs and Appellants.

Donald W. Rees, Elizabeth B. Sandza and Gordon & Rees for Defendant and Respondent.

**OPINION**

**SMITH, J.**—Tomlinson Irving Moseley and Dorothy Barbara Moseley, owners of an apartment complex in the City of Corte Madera, appeal from an order of dismissal entered after the superior court sustained, without leave to amend, architect Ned H. Abrams' demurrer to their "Third Amendment to Complaint" (hereinafter complaint) on the ground that the action—one based on breach of contract—was time-barred by the 10-year limitations period prescribed in Code of Civil Procedure section 337.15.[1] Appellants contend that the section, construed in light of its legislative history and public policy considerations, does not limit actions sounding in contract and that respondent Abrams' demurrer was therefore erroneously sustained.

### BACKGROUND

By their complaint, appellants sought approximately $550,000 from respondent for damages allegedly caused by latent defects in the construction of balconies, decks and railings in the apartment complex.[2] They alleged that respondent, as architect on the project, breached provisions in a written services agreement (with their predecessors in interest) by which he had agreed to provide necessary architectural, engineering, and consulting services, including: "the preparation of working drawings and specifications, the supervision of construction, and inspections both during construction and during the guarantee period. Further, . . . [respondent] was to advise the owner of all and any omissions, substitutions, defects and deficiencies noted in the work of contractors and otherwise agreed to inspect the project

---

[1]All undesignated section references in this opinion are to the Code of Civil Procedure.

[2]Also named as defendants, in the original complaint, were the project's general contractor, Dickman Construction, Inc., and its surety, United Pacific Insurance Company. Both moved for summary judgment, which resulted in the action being dismissed in its entirety as to the surety and dismissed as to the contractor on all but one cause of action grounded on alleged willful misconduct or fraudulent concealment, as to which the 10-year limitation expressly does not apply. (§ 337.15, subd. (f).) This court, in February 1981, denied appellants' writ petition by which the dismissals were challenged, in part, on the same grounds urged on this appeal. Dickman Construction, Inc., which thus may still be a party to the action in the superior court, is not a party here.

for evidence of faulty materials and workmanship."[3] Appellants further alleged that respondent breached the agreement in those particulars, specifically with respect to the design, supervision and inspection of the balconies of the 126 units in the apartment complex.

It was undisputed upon the demurrer that substantial completion of the apartment occurred on July 11, 1966. It was alleged in the complaint that appellants learned on or about July 7, 1977, that the balconies, decks and railings "had extensive damage, including dry rot, decay and disintegration of the wood framing and wood members"—latent defects caused by respondent's breach. The original complaint in this action was filed on August 1, 1979. Respondent was not named as a defendant therein, but the firm of Ned H. Abrams & Associates was identified as having prepared the plans and specifications utilized by the contractor, defendant Dickman Construction, Inc. (Dickman), in the construction of the apartments. It was not until the filing of the third amendment to complaint, on August 31, 1981, that respondent was named as a defendant and a cause of action was alleged against him personally. Also, the date of alleged discovery of the latent defect was no longer "[o]n or about July of 1977," as stated in the original complaint, but was "[o]n or about September 7" of the same year. On oral argument of the demurrer here under review, respondent argued not only that the 10-year limitation of section 337.15 barred suit, but that appellants were bound by the discovery date as alleged in their verified original complaint (on or about July of 1977) and that their cause of action against him (filed on August 31, 1981) was therefore independently barred by the 4-year statute of limitations for actions on written contracts (§ 337, subd. 1). The superior court judge, in his minute order sustaining the demurrer without leave to amend, relied exclusively on section 337.15.

## APPEAL

■ The ultimate question for review is whether the complaint showed *on its face* that the action was barred by a statute of limitations, for only then may a general demurrer be sustained and a judgment of dismissal be entered thereon. (*Childs* v. *State of California* (1983) 144 Cal.App.3d 155, 160-161 [192 Cal.Rptr. 526].) ■ Because such a judgment will be affirmed on appeal if any of the grounds stated in the demurrer are well taken, we proceed to examine both statute-of-limitations grounds raised below, even though the trial court relied on only one of those grounds in its ruling. (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 504

---

[3]The agreement, a standardized form titled "OWNER-ARCHITECT AGREEMENT For Services Prior to and in the Construction Period," provided in paragraph 12: "This Agreement shall bind, and the benefits inure to, the respective parties thereto, their legal representatives, executors, administrators, successors in office or interest, and assigns." The agreement was incorporated by reference into the complaint.

& fn. 2 [146 Cal.Rptr. 614, 579 P.2d 505]; *Williams* v. *State of California* (1976) 62 Cal.App.3d 960, 966 [133 Cal.Rptr. 539]; *Sackett* v. *Wyatt* (1973) 32 Cal.App.3d 592, 598 & fn. 2 [108 Cal.Rptr. 219].)

I

■ The four-year limitation period of section 337, subdivision 1, for actions upon "any contract, obligation or liability founded upon an instrument in writing," begins to run when the injured party discovers the complained-of latent defect. (*Anderson* v. *Brouwer* (1979) 99 Cal.App.3d 176, 179 [160 Cal.Rptr. 65].) The issue here is whether appellants' initial pleading of "[o]n or about July of 1977" bound them to a July 1977 discovery date so that, despite their later pleading of a September 7 discovery date in the third amendment to complaint, filed on August 31, 1981, their action against respondent was barred. We conclude that there was no bar.

Although respondent was not personally named as a defendant until the 1981 amendment, the original complaint, filed in 1979, included allegations against fictitiously named defendants allegedly responsible for appellants' damages as set forth therein. That original pleading clearly alleged (based on theories of negligence and breach of contract, among others) improper or substandard construction of the apartment balconies by Dickman, and specifically named respondent's architectural firm as having furnished Dickman with plans and specifications for the apartments. ■ Under the relation-back doctrine applicable when, as here, the defendant's true name is substituted by amendment, the date of the earlier pleading controls for purposes of the statute of limitations provided that recovery is sought in both pleadings on the same general set of facts. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 599-600 [15 Cal.Rptr. 817, 364 P.2d 681].) The defendant is considered a party to the action from its commencement. (*Id.*, at p. 602.) The original complaint in this case was filed only about two years after *either* of the alleged discovery dates, well within the statute, and the amendment sought recovery on the same general set of facts previously pleaded.

■ Even assuming arguendo that the date of the amendment controlled *and* that the date of discovery as alleged in the verified original complaint bound appellants (see *Liptak* v. *Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762, 775 [167 Cal.Rptr. 440]; *Sackett* v. *Wyatt, supra,* 32 Cal.App.3d 592, 597; cf. *Tognazzi* v. *Wilhelm* (1936) 6 Cal.2d 123, 127 [56 P.2d 1227] [leave to amend properly denied]), the very broadly pleaded date of *on or about* July of 1977 would not as a matter of pleading limit appellants to proof of a July discovery date, and the question of whether discovery occurred more than four years before the filing of the amendment (in August 1981) would therefore be a question of fact to be proved. ■ A demurrer on the ground of the bar of the statute of limitations will not

lie where the action may be, but is not necessarily, barred. (*Childs* v. *State of California, supra,* 144 Cal.App.3d 155, 160-161; cf. *Liptak* v. *Diane Apartments, Inc., supra,* 109 Cal.App.3d at p. 775.)

■ Accordingly, the sustaining of respondent's demurrer and the resultant dismissal cannot be upheld on the basis of the four-year limitation period of section 337.

II

Must the judgment nevertheless be affirmed on the basis of the 10-year limitation period of section 377.15? Appellants do not dispute that the section, if applicable to actions for breach of contract, bars their claim, which was brought about 11 years after substantial completion of the apartment complex. They argue, however, for a construction of the section that would exempt breach of contract actions from its purview.

No published decision appears to have addressed this specific question although it was evidently assumed without discussion in one case that a breach of contract action *would* be barred (*Anderson* v. *Brouwer, supra,* 99 Cal.App.3d 176, 178-181) and, as appellants acknowledge, this court has squarely held that an action for *breach of implied warranty* based on a written agreement is barred (*Barnhouse* v. *City of Pinole* (1982) 133 Cal.App.3d 171, 178, 180 [183 Cal.Rptr. 881]). In *Barnhouse,* we reasoned as follows: "In some states, statutes similar to section 337.15 exclude contract claims from those actions which are barred [citations], or specifically apply only to tort actions [citations]. Section 337.15, however, declares broadly that '[n]o action may be brought' with respect to latent deficiency or injury to property arising therefrom. And in *Regents* [*Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624 (147 Cal.Rptr. 486, 581 P.2d 197)], the Supreme Court expressly recognized that, 'Section 337.15, read together with Code of Civil Procedure sections 337 and 338, enacts . . . a two-step limitation: actions founded upon a latent defect in the development of real property must be filed within three or four years of discovery, *depending on whether the action rests on breach of warranty or negligence,* but in any case within ten years of the date of substantial completion of the improvement.' (21 Cal.3d at p. 641, italics added; . . .)" (*Barnhouse, supra,* 133 Cal.App.3d at p. 186.) Thus, indulging in the appellant-homeowners' construction of a written agreement for remedial soils works as " 'a prospective warranty against future slides,' " we concluded that their "cause[] of action based on warranty" was not exempt from section 337.15. (*Id.,* at pp. 186-187.) The appellants therefore could not avail themselves of the rule that no limitation period begins to run in the case of a warranty until the warranty is breached, although we left open the question (not there posed) whether an action on

"an express warranty for a period of time longer than 10 years" might escape the section 337.15 bar. (*Id.*, at p. 186.)

Appellants attempt to distinguish *Barnhouse,* arguing that a contract action *not* premised on breach of warranty should be exempt from the 10-year limitation. ██ As a more general proposition, they argue further that section 337.15 was intended to bar actions sounding in tort but not those sounding in contract. We are unpersuaded by either argument.

██ In ascertaining legislative intent so as to effectuate the purpose of the law, we turn first to the words of the statute, reading the language according to its ordinary and usual import, lending significance to every part where possible, avoiding surplusage, reading the language in context and harmonizing all parts. (*Martinez* v. *Traubner* (1982) 32 Cal.3d 755, 758 [187 Cal.Rptr. 251, 653 P.2d 1046]; see also *Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 608-609 [189 Cal.Rptr. 871, 659 P.2d 1160]; *Liptak* v. *Diane Apartments, Inc., supra,* 109 Cal.App.3d 762, 770.) Section 337.15, in parts pertinent to the issue of what actions are barred, provides as follows (italics added):

"(a) *No action may be brought to recover damages* from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement *for any of the following:*

"(1) *Any latent deficiency* in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.

"(2) *Injury to property, real or personal,* arising out of any such latent deficiency.

". . . . . . . . . . . . . . . . . . . . .

"(c) As used in this section, '*action*' *includes an action for indemnity* brought against a person arising out of that person's performance or furnishing of services or materials referred to in this section, except that a cross-complaint for indemnity may be filed pursuant to subdivision (b) of Section 428.10 in an action which has been brought within the time period set forth in subdivision (a) of this section.

". . . . . . . . . . . . . . . . . . . . .

"(f) This section *shall not apply to actions based on willful misconduct or fraudulent concealment.*"

 Nothing in the language of the section itself suggests that contract actions are exempt from its scope. Omitting reference to persons and activities covered by the section (issues not presented here), the section provides in essence that no action, except one based on willful misconduct or fraudulent concealment, may be brought beyond the 10-year limitation to recover damages for any latent deficiency or any resulting injury to real or personal property. That working definition fits contract as well as tort actions, as the instant case illustrates. Moreover, the specific mention of actions for indemnity as falling within the 10-year limitation reflects an intent to include actions sounding in contract, since many indemnity actions are founded, expressly or impliedly, in contract. (*Rossmoor Sanitation, Inc.* v. *Pylon, Inc.* (1975) 13 Cal.3d 622, 628 [119 Cal.Rptr. 449, 532 P.2d 97].) The language of the section thus does not support appellants' attempted tort/ contract distinction.

Moreover, resort to extrinsic aids for interpretation does not help appellants either. Appellants point to the transcript of an October 23, 1970, hearing before the Assembly Judiciary Interim Committee, which received testimony raising concern that expanding concepts of liability could imperil the construction industry unless a statute of limitations was enacted. That transcript does not reveal, however, that the committee's concerns were necessarily restricted to tort as opposed to contractual liability. Four main topics of discussion included (1) erosion of the common law rule that an owner's acceptance of work by a contractor relieved the contractor of liability to third persons for damages or injury later caused by the contractor's negligence (*Dow* v. *Holly Manufacturing Co.* (1958) 49 Cal.2d 720, 725-727 [321 P.2d 736]); (2) the time-of-discovery rule's erosion of the defense of the statute of limitations in cases involving latent defects (*Avner* v. *Longridge Estates* (1969) 272 Cal.App.2d 607, 616-617 [77 Cal.Rptr. 633]; *Balfour, Guthrie & Co.* v. *Hansen* (1964) 227 Cal.App.2d 173, 188-189 [38 Cal.Rptr. 525]); (3) the then-recent extension of strict liability concepts into the housing industry on theories of implied and express warranty (*Eichler Homes, Inc.* v. *Anderson* (1970) 9 Cal.App.3d 224, 231-232 [87 Cal.Rptr. 893]; *Kriegler* v. *Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-229 [74 Cal.Rptr. 749]); and (4) the unavailability or practical unavailability of insurance to protect against the increasing risks of liability. Of those four topics, two clearly are concerns in contract as well as tort actions: those are the time-of-discovery rule (discussed above) and the inability to adequately insure against liability.

Any doubt that an intent to limit contract actions motivated section 337.15's enactment is dispelled, ironically, by the same early draft of the section relied on by appellants as evidencing an intent to *exempt* contract actions. A proposed draft of what would become subdivision (a) of the section provided that "[n]o action (except an action based on wifull [*sic*] misconduct) *whether in contract, in tort, or otherwise,* may be brought

. . . ." (Italics added; Assem. Bill No. 2742 (1971 Reg. Sess.).) The italicized language was ultimately deleted (and the exception placed in another subdivision) so that the subdivision, as enacted, read, as it does now, "No action may be brought . . . ." (§ 337.15, subd. (a); Stats. 1971, ch. 1569, § 1, p. 3149.) Appellants see in that deletion an intent to exempt contract actions. But that argument, if applied by logical extension to the entire deletion, would mean that all actions "in tort, or otherwise" were similarly exempted, leaving the section meaningless.

Appellants rely on *Martinez* v. *Traubner, supra,* 32 Cal.3d 755, in which the Supreme Court relied in part on a similar pre-enactment deletion in concluding that section 337.15 does not limit direct actions for personal injury or wrongful death. The court found deletion of original language expressly including such actions within the reach of the section "highly significant, especially since section 337.1, a similar section providing a four-year statute of limitations for damages arising from *patent* defects, was in existence at the time, and specifically provided that it applies to 'injury to the person or for wrongful death arising out of any such patent deficiency.' (§ 337.1, subd. (a)(3).)" (32 Cal.3d at p. 758.) Moreover, the court found no bar to such actions in the language of the statute itself since "section 337.15 only bars actions for damages for (1) the deficient work or property itself and (2) damage to other real or personal property arising from such deficiency." (*Id.,* at p. 759.) The same conclusion had earlier been reached by the district court of appeal in *Grimmer* v. *Harbor Towers* (1982) 133 Cal.App.3d 88, at pages 92 to 93 [183 Cal.Rptr. 634], based on identical reasoning.

Reliance on *Martinez* and *Grimmer* is misplaced. Here, the deletion of original language carries little or no interpretive significance, both because there is no parallel statute specifically including such language and because, as already noted, reference to *all* specific causes of action—contract, tort or other—was deleted. Also, actions for breach of contract fit solidly within the section's language describing barred actions as those in which damages are sought for either the deficient work itself or resulting property damage.

We are aware that the Minnesota Supreme Court in *Kittson Cty.* v. *Wells, Denbrook & Assoc., Inc.* (1976) 308 Minn. 237 [241 N.W.2d 799], a case relied on by appellants, construed a statute similar to our section 337.15 as barring only tort actions, but not actions sounding in breach of contract or warranty, reasoning in part that failure of the state legislature to specify particular types of actions required a limiting construction of the statute. (*Id.,* at pp. 801-802.) However, the Minnesota court was admittedly working without the benefit of any legislative history (p. 802) and, more importantly, felt compelled to strictly construe the statute in order to avoid what it deemed "grave constitutional issues" arising from the unclear scope of the statute and its potentially harsh two-years-after-discovery limitation and

absolute 10-year bar (p. 801). A majority of the court, in fact, struck down the statute the following year, finding that it granted an immunity to a certain class of defendants without a reasonable basis for the classification. (*Pacific Indem. Co.* v. *Thompson-Yeager, Inc.* (Minn. 1977) 260 N.W.2d 548, 554-555.) Our own state courts, on the other hand, have repeatedly discerned rational bases for the various classifications of section 337.15 (*Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 633, fn. 2 [147 Cal.Rptr. 486, 581 P.2d 197]; *Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 183-184; *Wagner* v. *State of California* (1978) 86 Cal.App.3d 922, 929-930 [150 Cal.Rptr. 489]; *Eden* v. *Van Tine* (1978) 83 Cal.App.3d 879, 886 [148 Cal.Rptr. 215, 12 A.L.R.4th 856]), and there is therefore no need for strict construction to avoid constitutional questions.

Finally, a different result is not dictated by public policy concerns raised by appellants. They essentially argue that to cut off suits for breach of contract after 10 years will defeat the expectations of the contracting parties. However, the same could be said of the four-year limitation embodied in section 337, subdivision 1, or any other applicable statute of limitations. Suffice it to say that the question of contracting parties' ability to specifically extend the period of liability exposure through express written warranty is an open question (*Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 186) and one which the facts of this case do not present.

We conclude that the trial court properly sustained respondent's demurrer on the basis of section 337.15. The judgment is affirmed.

Kline, P. J., and Rouse, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 23, 1985.