Katherine **ROSTRON**

v.

**MARRIOTT HOTELS**

**Civ. A. No. 86–5693.**

United States District Court, E.D. Pennsylvania.

April 8, 1987.

William G. Blasdel, Jr., Philadelphia, Pa., for plaintiff.

John J. Coffey, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

In this action for personal injuries, defendant moves for summary judgment, Fed.R.Civ.P. 56(b), asserting that plaintiff's claim is time-barred. The complaint alleges that plaintiff fell on defendant's property in California on July 4, 1984. Suit was instituted in the Philadelphia Court of Common Pleas on July 1, 1986 and removed to this court September 25, 1986. Subject matter jurisdiction arises from diversity of citizenship, 28 U.S.C. § 1332 (1982).

"A federal court, sitting in diversity, follows the forum's choice of law rules to determine the applicable statute of limitations." *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir.1985). The Pennsylvania borrowing statute, 42 Pa.C.S.A. § 5521 (Purdon 1981), states that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." [1] For the pur-

pose of this statute, a cause of action accrues in the state where the final significant event essential to the bringing of a claim occurs. *Mack Trucks, Inc. v. Bendix–Westinghouse Automotive Air Brake Co.*, 372 F.2d 18 (3d Cir.1966), *cert. denied*, 387 U.S. 930, 87 S.Ct. 2053, 18 L.Ed.2d 992 (1967); *Hafer v. Firestone Tire & Rubber Co.*, 523 F.Supp. 1216 (E.D.Pa.1981). The essential event, here, was plaintiff's accident, which occurred on July 4, 1984.

Plaintiff does not dispute the time bar of California's one year statute of limitation for personal injury actions based on wrongful act or neglect. Cal.Code of Civil Procedure § 340, subd. 3. Her timeliness argument rests on California's four year and 10 year statutes of limitations for actions relating to deficiencies in the construction and improvement of real property. Cal. Code of Civil Procedure § 337.1 and § 337.15.

In response, defendant's affidavit, filed December 30, 1986, avers that construction of the property where plaintiff fell occurred no later than 1973, well beyond the four year limitations period. As to the 10 year period, California decisions hold it does not apply to personal injury claims. *See Martinez v. Traubner*, 32 Cal.3d 755, 187 Cal.Rptr. 251, 653 P.2d 1046 (1982); *Grimmer v. Harbor Towers*, 133 Cal.App. 3d 88, 183 Cal.Rptr. 634 (1982). Accordingly, defendant must be granted summary judgment on its time-bar motion.

---

1. As *Ross* notes, the borrowing statute is an exception to the general rule in Pennsylvania under which the Pennsylvania statute of limitations ordinarily would be applied. Under Penn-

sylvania's two year limitations period for personal injury actions, 45 Pa.C.S.A. § 5524 (Purdon Supp.1985), the present complaint would have been timely filed.