[No. B056918. Second Dist., Div. Four. Nov. 9, 1992.]

CLAYTON E. WORTHINGTON et al., Plaintiffs and Respondents, v. VICTOR M. ALCALA et al., Defendants and Appellants.

**COUNSEL**

Polston, Schwartz, Hamilton & Fenster and Stephen M. Fenster for Defendants and Appellants.

Nicholas P. Roxborough and Esteban G. Gallegos for Plaintiffs and Respondents.

## OPINION

**WOODS (A. M.), P. J.**—The issue presented in this appeal is the proper interpretation of the phrase "dismissal of the action" as that term is used in Civil Code section 887.070.[1] The section provides in relevant part: "In an action to establish the abandonment of an easement pursuant to this chapter, the court shall permit the owner of the easement to record a late notice of intent to preserve the easement as a condition of dismissal of the action, upon payment into court for the benefit of the owner of the real property the litigation expenses attributable to the easement or portion thereof as to which the notice is recorded."

Appellants Victor M. Alcala et al., contend that the phrase "dismissal of the action," means the entire action. Respondents Clayton Worthington et al., contend that it refers to a cause of action authorized by Civil Code section 887.040, not the entire case.

We conclude, after review of the matter, that the Legislature intended the provisions of section 887.070 to result in preservation of an easement which would otherwise be extinguished by virtue of abandonment as defined in section 887.050.[2] Where, as in this case, dismissal of a cause of action brought pursuant to Civil Code section 887.040 does not have that effect, it is error to assess litigation costs pursuant to section 887.070.

The easement which is the subject of this dispute provided ingress and egress to landlocked property owned by appellants and burdened property owned by respondents. Respondents brought this action to rid their property of the easement, alleging in one cause of action that the easement had been extinguished by abandonment and in another cause of action that the easement had been extinguished by prescription.

---

[1]All statutory references are to the Civil Code, unless otherwise noted.

[2]Section 887.050 provides: "(a) For purposes of this chapter, an easement is abandoned if all of the following conditions are satisfied for a period of 20 years immediately preceding commencement of the action to establish abandonment of the easement: [¶] (1) The easement is not used at any time. [¶] (2) No separate property tax assessment is made of the easement or, if made, no taxes are paid on the assessment. [¶] (3) No instrument creating, reserving, transferring, or otherwise evidencing the easement is recorded. [¶] (b) This section applies notwithstanding any provision to the contrary in the instrument creating, reserving, transferring, or otherwise evidencing the easement or in another recorded document, unless the instrument or other document provides an earlier expiration date."

The matter was tried to the court. After the trial was completed, appellants informed the court that they had recorded a late notice of intent to preserve their easement pursuant to section 887.070. The court stated that except for the recordation of this notice, respondents would have prevailed on their cause of action for abandonment of easement. The court noted that appellants did not fully comply with the statutory requirements in that they had not sought permission to record the notice nor had they paid the litigation expenses into the court. Nevertheless, the court concluded that the parties should not be denied "the benefit of the substance of the section . . . ." For this reason, the court indicated its intent to dismiss the cause of action for abandonment of the easement and award respondents their litigation expenses.

The court then declared that respondents were nevertheless entitled to prevail on their cause of action for termination of easement by prescription, but observed that this "put the defendants [appellants] in an untenable position" because they had neither access to their property nor a constructive trust to reimburse them for the value of the property. Reasoning that it had the power to require respondents to "do equity as a condition to receiving equitable relief," the court ordered respondents to tender an offer to buy the property from appellants and upon acceptance of the offer to waive their right to the litigation expenses which they would otherwise be awarded pursuant to section 887.070. If this offer was rejected, respondents would then be entitled to recover their litigation expenses in an amount to be determined by posttrial motion.

The record does not inform us whether respondents ever made the offer.[3] It reveals only that six days after entry of the written judgment containing these orders, respondents noticed a motion for an order awarding them litigation expenses pursuant to section 887.040. The declaration of respondents' counsel in support of the motion asserted that prosecution of the action through trial required a total of 171.5 hours of attorney time, billed at $230 per hour for a total of $39,437.50. Counsel opined that "an attorney's fee award of $39,437.50 for services rendered . . . plus an additional award of $2,300.00 for . . . [posttrial services were] reasonable and should be awarded . . . ."

Appellants' opposition to the motion contended that respondents were not entitled to recover litigation costs pursuant to section 887.070 unless the entire action was dismissed, thus allowing appellants to retain their easement. Appellants argued that this result was compelled by their

___

[3]Appellants assert in a footnote in their opening brief that respondents' offer to purchase the property was rejected.

recordation of late notice of intent to preserve easement pursuant to section 887.070.

Alternatively, appellants argued that any award of litigation expenses should be limited to those incurred before December 13, 1989 (the date on which appellants recorded their notice of intent to preserve easement),[4] or reduced from the $39,437.50 claimed to a reasonable amount.

Respondents' written reply countered that appellants were attempting to "narrowly construe the right to litigation expenses pursuant to Civil Code § 887.070 . . . ." Respondents asserted that they would have won on their cause of action for extinguishment by reason of abandonment if the court had not ratified the late recording of the notice. Therefore, respondents asserted that they were entitled to recover their litigation expenses up to the date the court entered its order ratifying the recordation of the late notice, i.e., the date of entry of judgment.

The trial judge reasoned that since no notice had been given of the filing of the late notice, the party that failed to prevent further litigation expenditures should bear the cost. The court ordered appellants to pay respondents $7,500 "as reasonable costs and litigation expenses pursuant to California Civil Code Section 887.070."[5] (Italics omitted.)

## DISCUSSION

■ Well-settled principles of statutory construction require that we interpret the language of section 887.070 in a manner to implement the legislative intent. That intent is divined by looking first to the words used in the statute. We ascribe to those words their usual and ordinary meaning (*Curl v. Superior Court* (1990) 51 Cal.3d 1292, 1300 [276 Cal.Rptr. 49, 801 P.2d 292]; *Rojo v. Kliger* (1990) 52 Cal.3d 65, 73 [276 Cal.Rptr. 130, 801 P.2d 373]), and construe them in the context of the statutory scheme in which they appear, giving significance to every word, phrase, sentence and part of the act in which they appear and avoiding any interpretation which makes some words surplusage. (*Martinez v. Traubner* (1982) 32 Cal.3d 755, 758 [187 Cal.Rptr. 251, 653 P.2d 1046].)

The context in which the disputed phrase "dismissal of the action" appears, is title 5 of the Civil Code entitled, "Marketable Record Title,"

---

[4]As of December 13, 1989, the amount of attorney fees incurred by respondents was $15,386.50, and costs totaled $1,476.70.

[5]There is no indication in the record as to how this amount was calculated. Respondents claim the court awarded only those costs which were attributable to the cause of action for abandonment, but the record does not support this conclusion.

commencing with section 880.020. The Legislature's stated purpose in enacting this statutory scheme was to simplify and facilitate real property title transactions by enabling persons to determine the status and security of recorded real property titles from an examination of recent records. (§ 880.020.) To this end, a series of statutes enacted in 1982 and 1984 set forth procedures for both preservation of interest in real property[6] and for termination of old interests in real property.[7]

In 1985, the California Law Revision Commission recommended that the statutory scheme be expanded to deal with abandoned easements as well. The commission explained that an obsolete easement interest constituted an unreasonable encumbrance on marketable title. It noted that under common law an easement acquired by prescription could be extinguished by nonuse, whereas an easement acquired by grant could not be extinguished unless an intent to abandon the easement, which is difficult to prove, was shown. In order to make it easier to clear the record of an abandoned easement, the commission proposed that an easement be deemed abandoned if it was unused for at least 20 continuous years, without payment of taxes or any other record transaction relating to the easement. To protect an easement from such extinguishment in cases where the easement holder's nonuse was temporary or where the easement was being held for future use, the commission further recommended that the easement holder be permitted to extend the duration of the easement for a period of 20 years at a time by recording a notice of intent to preserve the easement. (Recommendation Relating to Abandoned Easements (Jan. 1985) 18 Cal. Law Revision Com. Rep. (1986) pp. 261-262.)

Following this recommendation, the Legislature added chapter 7 to title 5 in 1985, commencing with section 887.010, entitled "Abandoned Easements." One of the sections included within the chapter provides that it "supplements and does not limit or otherwise affect the common law governing abandonment of an easement or any other procedure provided by statute or otherwise for clearing an abandoned easement from title to property." (§ 887.030.) The commission's comment to this section explains that

---

[6]Preservation sections are generally found in chapter 1, article 3, sections 880.310 through 880.370. Those sections set forth the procedure for preserving an interest in real property from expiration pursuant to the statutory scheme by recordation of a notice of intent to preserve the interest.

[7]Termination sections of the statutory scheme are found in chapter 2, "Ancient Mortgages and Deeds of Trust," (§§ 882.020-882.040), chapter 3, article 2, "Termination of Dormant Mineral Right," (§§ 883.210-883.270), chapter 4, "Unexercised Options," (§§ 884.010-884.030), chapter 5, "Powers of Termination," (§§ 885.010-885.070), and chapter 6, "Unperformed Contracts for Sale of Real Property," (§§ 886.010-886.050).

"although this chapter prescribes a standard for determining that an easement has been abandoned, it is not intended to limit the common law of abandonment of easements. [Citations.]" (18 Cal. Law Revision Com. Rep., *supra*, pp. 263-264.)

Other sections specify the procedure for bringing an action pursuant to the chapter to establish the abandonment of an easement, including sections 887.040, which authorizes such an action,[8] and 887.070, the statute which is the subject of this appeal.[9] The commission explained that the purpose of section 887.040 is to supplement common law principles of abandonment "by providing a separate and independent basis for determining abandonment of an easement" (18 Cal. Law Revision Com. Rep., *supra*, at p. 264), and that the purpose of section 887.070 is to "enable[] the owner of an easement to preserve the easement, after commencement of an action to establish its abandonment and clear title, by filing a late notice of intent to preserve the interest." (18 Cal. Law Revision Com. Rep., *supra*, at p. 267.)

It is clear from both the statutory scheme and the commission's recommendations and comments that the goal of the legislation was to accommodate the competing interests of owners whose real property was burdened by an easement with those of owners whose real property was benefitted by the easement. To the former the statute grants some relief from the difficulties of proving abandonment. To the latter the statute provides a final opportunity to avoid abandonment of the easement by improvidence.

■■■ With these legislative goals in mind, we turn to the immediate context of the language which we are called upon to interpret. The clause in which it appears is: "In an action to establish the abandonment of an easement pursuant to this chapter, the court shall permit the owner of the easement to record a late notice of intent to preserve the easement as a

---

[8]Section 887.040 provides: "(a) The owner of real property subject to an easement may bring an action to establish the abandonment of the easement and to clear record title of the easement. [¶] (b) The action shall be brought in the superior court of the county in which the real property subject to the easement is located. [¶] (c) The action shall be brought in the same manner and shall be subject to the same procedure as an action to quiet title pursuant to Chapter 4 (commencing with Section 760.010) of Title 10 of Part 2 of the Code of Civil Procedure, to the extent applicable."

[9]The entire text of section 887.070 is as follows: "In an action to establish the abandonment of an easement pursuant to this chapter, the court shall permit the owner of the easement to record a late notice of intent to preserve the easement as a condition of dismissal of the action, upon payment into court for the benefit of the owner of the real property the litigation expenses attributable to the easement or portion thereof as to which the notice is recorded. As used in this section, the term 'litigation expenses' means recoverable costs and expenses reasonably and necessarily incurred in preparation for the action, including a reasonable attorney's fee."

condition of *dismissal of the action . . . .*" (Italics added.) The term "the action" as used at the end of the quoted clause, clearly refers back to "an action to establish the abandonment of an easement pursuant to this chapter" as used at the beginning of the clause. Therefore, this language suggests that what is to be dismissed is the statutory cause of action for abandonment of an easement.

The statute does not address the situation presented in this case, however, where an action seeking to terminate an easement is brought on two different theories, only one of which is statutory abandonment. While the commission's comments to sections 887.030 and 887.040 make it clear that the Legislature intended such an action to supplement the common law principles "of abandonment of easements" (18 Cal. Law Revision Com. Rep., *supra*, at p. 264), we find no indication that the Legislature intended it to supplement or displace any other common law principle pursuant to which an easement might be extinguished, such as prescription.

Further, we find no indication from the statutory scheme that the Legislature intended section 887.070 to be applied, as it was in this case, to mandate payment of a plaintiff's litigation costs where payment fails to preserve the easement, because it is extinguished on a theory other than statutory abandonment. The primary purpose of section 887.070 is not the payment of litigations costs. It is to "enable[] the owner of an easement to preserve the easement, after commencement of an action to establish its abandonment . . . ." (18 Cal. Law Revision Com. Rep., *supra*, at p. 267.) This intent is frustrated where the burden of litigation costs is imposed on an owner who is, nevertheless, denied the benefit of retention of the easement.

Therefore, we conclude that the Legislature intended litigation costs to be imposed pursuant to section 887.070 only where the sole theory of extinguishment of the easement is statutory abandonment or other theories are voluntarily dismissed and the application of the section will therefore result in preserving the easement interest. It follows that since the trial court found the easement in this case extinguished by prescription, it erred in imposing litigation costs upon appellants pursuant to section 887.070.[10]

Appellants do not question the sufficiency of the evidence to support the trial court's conclusion that the easement was extinguished by prescription, and respondents do not proffer any other authority for an award of litigation costs.

---

[10]In light of this conclusion, we need not and do not reach appellants' other contentions that the trial court erred in failing to dismiss the entire action and in allowing respondents inconsistent remedies based upon the same set of facts.

Therefore, the award of litigation expenses is stricken, and the judgment is affirmed in all other respects. Appellants to have their costs on appeal.

Epstein, J., and Taylor, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.