[No. F023401. Fifth Dist. Feb. 9, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM RAY THOMAS, Defendant and Appellant.

**COUNSEL**

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE (W. A.) Acting P. J.**—Appellant, William Ray Thomas, was convicted upon entering a plea of guilty to a charge of selling cocaine in violation of Health and Safety Code[1] section 11352, subdivision (a). He admitted an allegation of a prior narcotics-related conviction and stipulated to the upper term of imprisonment. In addition to the stipulated term, the court imposed a three-year consecutive term based upon the prior conviction, a $200 restitution fine, a $50 laboratory fee and a $70 fine pursuant to section 11350, subdivision (c).

The factual basis for the crime is undisputed: appellant sold cocaine to a police informant.

On appeal, the sole issue raised by appellant is whether the trial court exceeded its authority in imposing the $70 fine pursuant to section 11350, subdivision (c) which provides: "Except as otherwise provided in this division, whenever a person who[2] possesses any of the controlled substances specified in subdivision (a) or (b), the judge may, in addition to any punishment provided for pursuant to subdivision (a) or (b), assess against that person a fine not to exceed seventy dollars ($70) with proceeds of this fine to be used in accordance with Section 1463.23 of the Penal Code. The court shall, however, take into consideration the defendant's ability to pay, and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision."

Appellant contends a fine can be imposed pursuant to subdivision (c) of section 11350 only when the defendant is convicted of illegal possession in violation of section 11350, and because he was convicted of violating section 11352, subdivision (a), not section 11350, the court exceeded its jurisdiction when it imposed the $70 fine.[3] Respondent contends the trial court has the authority to impose a fine pursuant to subdivision (c) whenever the facts in a particular case involve possession of a controlled substance even though the defendant was convicted of violating a section other than section 11350.

---

[1]All further statutory references are to the Health and Safety Code unless otherwise indicated.

[2]Insertion of the of the word "who" in this sentence is an apparent drafting oversight or typographical error. We delete "who" in further references to the statutory language.

[3]Appellant's failure to object on this ground in the trial court does not waive the issue on appeal because it concerns a question regarding the authority of the trial court to impose this particular fine under any circumstances in this case; it is not merely a matter of procedural, factual or discretionary error. (See *People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

## DISCUSSION

█ Well-settled principles of statutory construction require that we interpret the language of section 11350, subdivision (c) in a manner consistent with the legislative intent by looking first to the words used in the statute, giving those words their usual and ordinary meaning, construing them "in the context of the statutory scheme in which they appear, giving significance to every word, phrase, sentence and part of the act in which they appear and avoiding any interpretation which makes some words surplusage. [Citation.]" (*Worthington* v. *Alcala* (1992) 10 Cal.App.4th 1404, 1408 [13 Cal.Rptr.2d 374]; *Miller* v. *Provost* (1994) 26 Cal.App.4th 1703, 1709 [33 Cal.Rptr.2d 288].) " '[T]he meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms.' [Citation.] 'When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it.' [Citation.] . . ." (*Northrup* v. *Superior Court* (1987) 192 Cal.App.3d 276, 282-283 [237 Cal.Rptr. 255].)

When statutory language is susceptible of more than one meaning, we must accept the meaning as intended by the framers of the legislation, if we can ascertain that intention. (*Stillwell* v. *State Bar* (1946) 29 Cal.2d 119, 124 [173 P.2d 313].) We must examine the legislative history and statutory context of the act under scrutiny to discern legislative intent. (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].)

█ The language which is the subject of our analysis provides that a fine may be imposed "whenever a person possesses any of the controlled substances specified in subdivision (a) or (b)." These words in isolation seem clear and unambiguous. Their context, however, in a statute which defines the crime of illegal possession, suggests subdivision (c) is operative whenever a person is convicted of possession in violation of section 11350. The statute also provides that the fine is "in addition to any punishment provided for pursuant to subdivision (a) or (b)" which indicates the fine is an additional punishment for a violation of section 11350.

The history of this provision, the previous state of legislation on the subject and other similar provisions also reflect an intent that the fine is authorized only when section 11350 is violated. In 1988 the Governor signed into law Assembly Bill No. 2374 which established a statewide AIDS,

education program. (Assem. Bill No. 2374 (1987-1988 Reg. Sess.) §§ 1-11.) Concerning the bill the Legislative Counsel's Digest says: "This bill would authorize a judge to assess, for purposes of an AIDS education program, as specified, *a fine of up to $70 in addition to any other fine imposed for offenses related to possession, use, or being under the influence of specified controlled substances, possession or sale of hypodermic needles or syringes, rape, and sodomy.* The bill would divert out of these fines $50 for each conviction to be deposited in a special account in the county treasury to pay for the reasonable costs of establishing and providing the AIDS education program. The program would apply, as a condition of either sentence of probation or participation in a drug diversion program, to a person pleading guilty to, or who has been convicted of any of the crimes referred to above, except for the offenses relating to rape and sodomy." (Legis. Counsel's Dig., Assem. Bill No. 2374, 4 Stats. 1988 (Reg. Sess.) Summary Dig., p. 145, italics added.)

The statutory provisions which authorize the assessment of $70 fines to fund the program include violations of:

1. Business and Professions Code section 4383, "against any person who violates Section 4143 [sale of hypodermic needle or syringe] or 4149 [possession of hypodermic needle or syringe] . . . ."

2. Section 11377, subdivision (c) "against any person who violates subdivision (a) [possession of specified controlled substances formerly classified as 'Restricted Dangerous Drugs'] . . . ."

3. Section 11550, subdivision (b) "against any person who violates this section [use or under the influence of specified controlled substances] . . . ."

4. Penal Code section 264, subdivision (b) "against any person who violates Section 261, 261.5 or 263 [rape and unlawful sexual intercourse] . . . ."

5. Penal Code section 286, subdivision (m) "against any person who violates this section [sodomy] . . . ."

6. Penal Code section 288a, subdivision (m) "against any person who violates this section [oral copulation] . . . ."

7. Penal Code section 647 "against any person who violates subdivision (a) or (b) of Section 647 [solicitation and prostitution], or, if the offense

involves intravenous use of a controlled substance, subdivision (f) of Section 647 [public intoxication] . . . ."

As we see from the statutory language, the authority to levy $70 fines exists when a person violates specified statutes or commits specified crimes.

The following year, 1989, an additional source of funding was added to the list. Subdivision (c) was added to section 11350 by amendment. (Assem. Bill No. 1804 (1989-1990 Reg. Sess.) § 1.) The Legislative Counsel's Digest of Assembly Bill No. 1804 states in relevant part:

"Existing law authorizes a judge to assess, for purposes of an AIDS education program, as specified, a fine of up to $70 in addition to any other fine imposed for offenses related to possession, use, or being under the influence of specified controlled substances, possession or sale of hypodermic needles or syringes, rape, and sodomy.

". . . . . . . . . . . . . . . . . . . . . . .

"This bill would, in addition, permit the levying of these fines for purposes of the AIDS education program for offenses related to possession of other specified controlled substances."

The amendment to add subdivision (c) authorizes the assessment of a $70 fine "whenever a person possesses any of the controlled substances specified in subdivision (a) or (b)" of section 11350.

The obvious source of our difficulty is the failure of the drafters of Assembly Bill No. 1804 to use the same language as the Legislature used in the previous bill. Rather than refer to persons *who violate* subdivision (a) or (b), it refers to persons *who possess* any of the specified substances in subdivision (a) or (b). The question is whether this different language reflects an intent to authorize imposition of the $70 fine when there has been no violation of section 11350. We think not.

The language of subdivision (c) is not as clear and specific as that of related fine provisions found in preexisting law. However, there is nothing in the legislative history suggesting subdivision (c) was intended to authorize a fine even in the absence of a violation of section 11350, provided the facts of a particular offense involve possession of one of the specified substances or when the offense is related to possession.

The only support for such an expansive application of subdivision (c) is found in the Legislative Counsel's Digest which characterizes Assembly Bill

No. 1804 as a law authorizing the imposition of a $70 fine "for offenses related to possession." However, we place little confidence in the observations of the legislative counsel in this regard. The summary also refers to preexisting law as authorizing fines "for offenses related to possession," yet the actual language of those code sections clearly authorizes the imposition of fines only when the person has committed a specified offense or has violated a specified code section.

Nor can it be reasoned that a violation of section 11352 necessarily includes a violation of section 11350. The former section proscribes transporting, importing, selling, furnishing, administering, or giving away certain substances, or offering to commit any of these acts; the latter proscribes possessing such substances. A person can violate section 11352 without violating section 11350. (*People* v. *Blake* (1960) 179 Cal.App.2d 246, 254 [3 Cal.Rptr. 749], disapproved on other grounds in *People* v. *Jackson* (1963) 59 Cal.2d 468 [30 Cal.Rptr. 329, 381 P.2d 1] [possession not required for an offer to sell]; *People* v. *Watterson* (1991) 234 Cal.App.3d 942, 947 [286 Cal.Rptr. 13] [possession not necessary for transportation].)

Finally, our conclusion that the court's authority to levy a fine pursuant to subdivision (c) requires a violation of section 11350 is compelled by the precept that this court must endeavor to construe ambiguous statutory language in a manner which avoids any doubt regarding the provision's constitutionality. (*Young* v. *Haines* (1986) 41 Cal.3d 883, 899 [226 Cal.Rptr. 547, 718 P.2d 909]; *San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 948 [92 Cal.Rptr. 309, 479 P.2d 669].)

A construction of subdivision (c) to allow the imposition of a fine in the absence of a violation of section 11350, would present serious due process concerns. In order to impose a fine under subdivision (c), the trial court must necessarily have concluded appellant committed the crime of illegal possession—that he possessed one of the substances specified in subdivision (a) or (b). It is a violation of due process to punish a person for an offense of which he was neither charged, tried nor convicted. (*Cole* v. *Arkansas* (1948) 333 U.S. 196, 201 [92 L.Ed. 644, 647-648, 68 S.Ct. 514].) In order to avoid this constitutional infirmity, we must interpret subdivision (c) as authorizing the imposition of a fine only when the defendant has been convicted of violating section 11350. Because appellant was not convicted of violating section 11350, the imposition of the fine was unauthorized.

## DISPOSITION

The fine in the amount of $70 pursuant to Health and Safety Code section 11350, subdivision (c) is stricken. In all other respects, the judgment is affirmed.

Thaxter, J., and Buckley, J., concurred.