Marvin AVILA, Petitioner—Appellant,

v.

Richard KIRKLAND, Warden, Respondent—Appellee.

No. 06–55479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 3, 2007.

Marvin Avila, Gail Ivens, Esq., Crescent City, CA, for Petitioner–Appellant.

Michael Tanaka, Esq., FPDCA–Federal Public Defender's Office, Stephanie C. Brenan, DAG, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Avila's unexhausted claim in his habeas petition was meritless. Avila claimed that

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the California trial court violated his federal constitutional rights by failing to instruct the jury that simple possession of a controlled substance is a lesser-included offense of "giving away" a controlled substance. *Compare* Cal. Health & Safety Code § 11350(a) *with id.* § 11352(a). On direct appeal, the California Court of Appeal rejected Avila's argument that possession is a lesser-included offense of "giving away." *See People v. Thomas,* 42 Cal. App.4th 798, 49 Cal.Rptr.2d 856, 859 (1996) (citations omitted). This state law determination is not reviewable in federal habeas corpus proceedings. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Moreover, the state trial court's failure to instruct on a lesser-included offense in a non-capital case fails to present a federal constitutional question. *See Solis v. Garcia,* 219 F.3d 922, 928–29 (9th Cir.2000); *Bashor v. Risley,* 730 F.2d 1228, 1240 (9th Cir.1984).

Because Avila's unexhausted claim was meritless, the district court correctly refused to stay Avila's habeas petition to permit Avila to exhaust this claim. *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Therefore, we need not address whether counsel's failure to state the federal basis for a claim on direct appeal in state court constitutes good cause for purposes of the stay and abeyance procedure outlined in *Rhines.*

**AFFIRMED**

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).