Filed 11/19/14  P. v. Haga CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY HAGA,<br><br>Defendant and Appellant. | F067191<br><br>(Super. Ct. Nos.<br>F11903324/F11905948)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Don D. Penner, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Michael Haga pled no contest to charges of second degree burglary and possession of a controlled substance in a jail facility.  As part of his sentence, Haga was ordered to register as a narcotics offender pursuant to Health and Safety Code section 11590 and pay

a $50 laboratory analysis fee pursuant to Health and Safety Code section 11372.5. He now contends that the trial court exceeded its authority by imposing the registration requirement and the drug lab fee. We agree, and modify the judgment accordingly by striking both from his sentence. As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2011, Haga was charged by felony complaint with second degree burglary (Pen. Code, §§ 459, 460, subd. (b)),[1] receiving stolen property (§ 496, subd. (a)), and unlawful possession of burglary tools (§ 466). The complaint further alleged that he had served four prior prison terms within the meaning of section 667.5, subdivision (b). On October 17, 2011, Haga was charged with additional crimes in a felony complaint which alleged one count of methamphetamine possession for sale (Health & Saf. Code, § 11378), one count of simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and one count of possessing a controlled substance in a jail facility (§ 4573.6). Enhancement allegations regarding the prior prison terms were attached to these counts pursuant to section 667.5, subdivision (b).

On February 27, 2013, Haga entered pleas pursuant to a negotiated global disposition of all charges then pending against him. He pled no contest to second degree burglary and possession of a controlled substance in a jail facility, and admitted one prior prison term. The remaining charges and allegations were dismissed. The plea deal called for sentencing in the burglary case to run concurrent with sentencing in the narcotics case, with maximum exposure of an aggregate three-year term in state prison.

On March 27, 2013, the trial court sentenced Haga to a split term of three total years in local custody and on mandatory supervised release pursuant to the Criminal Justice Realignment Act of 2011 (§ 1170, subd. (h)). The trial court struck the prior prison term enhancement pursuant to section 1385, imposed the upper term of three years

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2.

for the second degree burglary conviction, and imposed the middle term of three years for possessing a controlled substance in a jail facility, which was to be served concurrently with the burglary sentence. Haga was ordered to serve two years of his sentence in the Fresno County Jail, followed by one year of mandatory supervised release. In addition, he was ordered to register as a narcotics offender pursuant to Health and Safety Code section 11590 and to pay various fines and fees, which included a $50 criminal laboratory analysis fee pursuant to Health and Safety Code section 11372.5.

Haga filed a timely notice of appeal on May 3, 2013. A certificate of probable cause for appeal was issued on the same date.

## DISCUSSION

**Registration Requirement (Health & Saf. Code, § 11590)**

Haga contends that the trial court imposed an unauthorized sentence by requiring him to register as a narcotics offender pursuant to Health and Safety Code section 11590. This code section requires persons convicted of certain specified drug-related offenses to register with law enforcement officials in the jurisdiction where they reside or live.[2] The registration process involves the submission of fingerprints and photographs to the Department of Justice, and registrants are subject to police inquiry whenever crimes similar to those for which they have registered occur. (*In re Luisa Z.* (2000)

---

[2] The statute provides, in pertinent part: "[A]ny person who is convicted in the State of California of any offense defined in Section 11350, 11351, 11351.5, 11352, 11353, 11353.5, 11353.7, 11354, 11355, 11357, 11358, 11359, 11360, 11361, 11363, 11366, 11366.5, 11366.6, 11368, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11383, or 11550, or subdivision (a) of Section 11377, or any person who is discharged or paroled from a penal institution where he or she was confined because of the commission of any such offense … shall within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area." (Health & Saf. Code, § 11590, subd. (a).)

78 Cal.App.4th 978, 983 (*Luisa Z.*).) Failure to register is a misdemeanor offense. (Health & Saf. Code, § 11594.)

The statutes under which appellant was convicted, sections 459/460 and 4573.6, do not appear among the list of qualifying offenses set forth in Health and Safety Code section 11590, subdivision (a). In *People v. Brun* (1989) 212 Cal.App.3d 951 (*Brun*), the Third District ruled that trial courts are "not free to impose registration under section 11590 for convictions of crimes not listed in the statute. If it were otherwise, every sentencing court could nullify the Legislature's decision to treat convictions for different crimes in a different manner." (*Brun*, *supra*, 212 Cal.App.3d at p. 954.) The *Brun* holding is based on the traditional rule of *expressio unius est exclusio alterius*, i.e., "the expression of certain things in a statute necessarily involves exclusion of other things not expressed." (*Id.* at p. 954 and fn. 2.) Our district followed *Brun* and its reasoning in *Luisa Z.*, *supra*, where we noted that a party cannot be subjected to the "specific statutory obligations and disabilities [associated with the registration requirement] where the Legislature, by its omission of defendant's crime from section 11590, has manifested an intent that registration is not required." (*Luisa Z.*, *supra*, 78 Cal.App.4th at p. 984.)

Respondent submits that the registration requirement is appropriate here because Haga pled no contest to a charge which was based on his possession of methamphetamine inside of a jail facility, and possession of methamphetamine constitutes a violation of Health and Safety Code section 11377, which is one of the offenses listed in Health and Safety Code section 11590. We are not persuaded by this argument. Possession of methamphetamine is alternatively punishable as a misdemeanor or a felony, but the registration requirement does not apply to misdemeanor violations of Health & Safety Code section 11377. (Health & Saf. Code, § 11590, subd. (c) ["This section does not apply to a conviction of a misdemeanor under Section 11357, 11360, or 11377."].) Haga's plea admitted only a violation of section 4573.6, which broadly prohibits the

unauthorized possession of a controlled substance in a custodial facility without distinguishing between misdemeanor and felony possession. Thus, it is possible to violate section 4573.6 without committing a felony offense under Health and Safety Code section 11377. Since the other drug charges against Haga were dismissed, we cannot simply presume that his section 4573.6 offense involved felonious possession of methamphetamine.

Respondent alternatively contends that the registration requirement should not be stricken because Haga previously suffered a felony conviction of Health and Safety Code section 11377 in 2008, and "is already under an unexpired registration requirement as the result of [his prior conviction]." The logic of this argument is dubious. By law, any duty to comply with Health and Safety Code section 11590 "*shall terminate* five years after the discharge from prison, release from jail or termination of probation or parole of the person convicted." (Health & Saf. Code, § 11594, italics added.) There is no justification for extending the duration of Haga's pre-existing obligations on the basis of new convictions which are exempt from the relevant statutory scheme.

Finally, we reject respondent's argument that the challenged sentence is permissible under the trial court's broad discretion to set terms and conditions of probation. "Where the registration requirement of section 11590 is applicable, the defendant must be properly advised of it as a direct consequence of conviction." (*People v. Cotton* (1991) 230 Cal.App.3d 1072, 1084.) The record contains no evidence of the requisite disclosure. We note that the felony advisement of rights, waiver, and plea form which Haga signed contains a blank space in the area where potential registration requirements are supposed to be listed. Even if section 4573.6 could be construed as a qualifying offense for purposes of the registration statute, the trial court erred by failing to adequately advise Haga of the potential consequences of his plea.

Haga's convictions for second degree burglary and possession of a controlled substance in a jail facility did not trigger the registration requirements of Health and

Safety Code section 11590. He is therefore entitled to have the registration requirement stricken from the judgment notwithstanding his failure to object at the time of sentencing. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *Luisa Z.*, *supra*, 78 Cal.App.4th at p. 982 ["If the court lacked statutory authority to order a person to register as a narcotics offender, then that aspect of the disposition order was unauthorized and appellant's failure to object does not constitute waiver of the contention on appeal."].)

**Laboratory Analysis Fee (Health & Saf. Code, § 11372.5)**

Haga correctly argues that the $50 fee imposed against him pursuant to Health & Safety Code section 11372.5 was unauthorized. The statute provides, in relevant part: "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368, 11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." (Health & Saf. Code, § 11372.5, subd. (a).) The statutes under which Haga was convicted are not among those listed in this provision. The remedy for an unauthorized fine is to strike it, and Haga is entitled to such relief. (See *People v. Thomas* (1996) 42 Cal.App.4th 798, 804-805 [striking an unauthorized fine erroneously imposed pursuant to section 11350, subdivision (c) for a nonenumerated offense].)

## DISPOSITION

The judgment is affirmed subject to the following modifications:

Appellant's sentence in Fresno County Superior Court case number F11905948 is modified to strike the narcotics registration requirement under Health and Safety Code section 11590 and the criminal laboratory analysis fee imposed pursuant to Health and

Safety Code section 11372.5.  The clerk of the superior court is directed to prepare an amended abstract of judgment and send a certified copy of same to the Department of Corrections and Rehabilitation.

_____
Gomes, Acting P.J.

WE CONCUR:


_____
Detjen, J.


_____
Franson, J.

7.