[No. B213929. Second Dist., Div. Four. Dec. 17, 2010.]

WAYNE ROBERT SCHELB et al., Plaintiffs, Cross-defendants and Appellants, v.
BETTY LOUISE STEIN, Defendant, Cross-complainant and Appellant;
INTERBAY FUNDING, LLC, Cross-defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts I and IV of the Discussion.

**COUNSEL**

Donald S. Sherwyn for Plaintiff, Cross-defendant and Appellant Wayne Robert Schelb.

Law Office of Brent E. Vallens and Brent E. Vallens for Defendant, Cross-complainant and Appellant.

Cunningham & Treadwell, James H. Treadwell and Jonathan L. Fong for Cross-defendant and Respondent.

## OPINION

**EPSTEIN, P. J.**—In the published portion of this decision, we address the primary issue in this appeal—whether a trust deed securing a promissory note issued in connection with a family law judgment may expire under provisions of the Marketable Record Title Act (MRTA; Civ. Code, § 880.020 et seq.) despite Family Code section 291, which provides that a family law judgment is enforceable until paid in full. Appellant Betty Louise Stein argues the trial court erred in ruling that she could not enforce the trust deed under the MRTA after more than 10 years had elapsed since the note secured by the trust deed had matured. She contends that the purpose of the Family Code is thwarted by allowing the security for the family law judgment to expire under the MRTA.

We conclude that the trial court properly harmonized the Family Code provision and the MRTA by holding that the debt evidenced by the note and secured by the deed of trust is still owed even though the note had expired under the MRTA and the deed of trust was no longer enforceable. We also reject respondent Wayne Robert Schelb's argument that the family law judgment should not be enforced under the terms of Family Code section 4, subdivision (h).

In the nonpublished portion of this opinion, we conclude that Mr. Schelb's argument that the trial court erred by failing to address his claim that a modification of the family law judgment constituted an accord and satisfaction is unsupported by the evidence and is contrary to the terms of the modification. The trial court did not abuse its discretion in determining there was no prevailing party to warrant an award of attorney fees.

## FACTUAL AND PROCEDURAL SUMMARY

The parties entered into a factual stipulation for trial from which we take portions of this summary. Betty Louise Stein[1] and Wayne Schelb, a married couple, were divorced in 1988. The family court judgment of dissolution gave Mr. Schelb the fee interest in two parcels of real property (the Maclay and Glenoaks properties). Ms. Stein relinquished her fee interest in these properties. To equalize the division of community property, Mr. Schelb was ordered to give Ms. Stein a note for $335,000, secured by deeds of trust on the Maclay and Glenoaks properties. Mr. Schelb was to make monthly payments of $5,000 from February 1, 1989, to February 1, 1994. At that point the balance was due with interest.

---

[1] We refer to Ms. Stein by her current name.

In 1991, Ms. Stein and Mr. Schelb modified the deeds of trust and recorded the modification. The trial court ruled that this modification did not change either the maturity date of the note or the interest rate. As part of the modification, Mr. Schelb paid a lump sum of $166,000 to Ms. Stein. In return, Ms. Stein released the deed of trust on the Glenoaks parcel and agreed to interest only payments of $667 a month on the remaining principal balance of $73,600.

Pursuant to the modification, Mr. Schelb made the required payments from 1991 to 1993. Between 1997 and 1999, he made only quarterly payments. The amount and purpose of those payments were disputed. He made no payments to Ms. Stein after 1999.

Mr. Schelb and his current wife, Janice Bartholomew Schelb, sued Ms. Stein in December 2006. A first amended complaint was filed in February 2007. They alleged that their trust (the Wayne Schelb and Janice Bartholomew Trust) owned the fee interest in the Maclay property; in 2006 they decided to refinance the Maclay property to satisfy various debts, some of which were secured by the Maclay property; negotiations with Ms. Stein about the family law judgment and the secured note to be paid by Mr. Schelb were unsuccessful; and the Schelbs were unable to close the refinance of the property because of Ms. Stein's second trust deed. They alleged causes of action for cancellation of instruments, quiet title, injunction, declaratory judgment, intentional and negligent misrepresentation, and slander of title. Ms. Stein responded with a cross-complaint against Mr. Schelb and the title company for foreclosure of the deed of trust on the Maclay property. The cross-complaint was amended to name Interbay Funding, LLC, the company through which the Schelbs were refinancing, as a cross-defendant.

Motions for summary judgment by the Schelbs and Interbay were denied. While the litigation was pending, Interbay funded the Schelbs' refinance of the Maclay property. Encumbrances on the property other than that held by Ms. Stein were paid off. Interbay was aware of the promissory note and deed of trust in favor of Ms. Stein when it made the loan to the Schelbs.

The trial court issued a statement of decision following a court trial. It concluded that the MRTA governs the deed and note, and that they had expired under its terms. But it also held that the family law judgment remains in full force and effect under Family Code section 291 (section 291). The Schelbs were given judgment against Ms. Stein on their first and second

causes of action for cancellation of instrument and to quiet title. On their fourth cause of action for declaratory relief, the trial court declared that Ms. Stein had no enforceable rights under the deed or note on the Maclay property, but that Mr. Schelb remains liable for the unpaid amount of the family court judgment under section 291, plus simple interest of 10 percent per annum on the unpaid principal (reduced by $5,500 for quarterly payments made by Mr. Schelb prior to 1999). Judgment against Ms. Stein and in favor of Mr. Schelb and Interbay was entered on her cross-complaint. The court ruled that none of the parties was entitled to fees under a fee clause in the note. This timely appeal by Ms. Stein followed entry of the judgment. Mr. Schelb filed a cross-appeal from the judgment.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

The paramount issue in this case is whether the MRTA applies to family court money judgments governed by section 291. The parties have not cited and we have not found authority directly addressing this issue. We review the trial court's interpretation of the two statutory schemes de novo. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311 [93 Cal.Rptr.3d 559, 207 P.3d 20].)

### A. *MRTA*

■ Following a study and recommendation of the California Law Revision Commission, the MRTA was enacted in 1982 "in order to make real property more freely alienable and marketable. ([Civ. Code,] § 880.020, subd. (a)(1).) To further this goal the legislation sought to simplify and facilitate real property title transactions by enabling persons to determine the status and security of recorded real property titles from an examination of recent records. ([Civ. Code,] § 880.020, subds. (a)(4) & (b); *Worthington v. Alcala* (1992) 10 Cal.App.4th 1404, 1409 [13 Cal.Rptr.2d 374].)" (*Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707–1708 [33 Cal.Rptr.2d 288]; see also *Severns v. Union Pacific Railroad Co.* (2002) 101 Cal.App.4th 1209, 1219

---

*See footnote, *ante*, page 1440.

[125 Cal.Rptr.2d 100].) This statutory scheme limits the time for exercising the power of sale under a deed of trust. (*Miller v. Provost, supra*, 26 Cal.App.4th at p. 1708.)

In enacting the recommendation of the Law Revision Commission, the Legislature declared: " 'Interests in real property . . . created at remote times, whether or not of record, often constitute unreasonable restraints on alienation and marketability of real property because the interests are no longer valid or have been abandoned or have otherwise become obsolete. [¶] . . . Such interests . . . produce litigation to clear and quiet titles, cause delays in real property title transactions, and hinder marketability of real property. [¶] . . . Real property title transactions should be possible with economy and expediency. The status and security of recorded real property titles should be determinable to the extent practicable from an examination *of recent records only.*' ([Civ. Code,] § 880.020, subd. (a)(2), (3), & (4), italics added.)" (*Severns v. Union Pacific Railroad Co., supra*, 101 Cal.App.4th at pp. 1219–1220.) The Legislature expressly provided that the MRTA was to be "liberally construed to effect the legislative purpose." (Civ. Code, § 880.020, subd. (b).)

■ Civil Code section 882.020, subdivision (a), an MRTA provision, states that where the final maturity date is ascertainable, a "deed of trust, or other instrument that creates a security interest of record in real property to secure a debt" expires 10 years from the final maturity date. In this case, that date was February 1, 1994, the date stated in both the original note and the 1991 modification. It is undisputed that Ms. Stein failed to avail herself of any of the remedies provided in the MRTA to extend her secured interest in the Maclay property.

Where a deed of trust or other security interest expires under the MRTA, it is rendered "unenforceable by any means commenced or asserted thereafter and is equivalent for all purposes to a certificate of satisfaction, reconveyance, release, or other discharge of the security interest, and execution and recording of a certificate of satisfaction, reconveyance, release, or other discharge is not necessary to terminate or evidence the termination of the security interest. . . ." (Civ. Code, § 882.030.) Civil Code section 880.240 lists certain interests which are not subject to expiration under the MRTA; family law judgments are not among them.[2]

---

[2] Civil Code section 880.240 provides: "The following interests are not subject to expiration or expiration of record pursuant to this title: [¶] (a) The interest of a person in possession (including use or occupancy) of real property and the interest of a person under whom a person in possession claims, to the extent the possession would have been revealed by reasonable inspection or inquiry. [¶] (b) An interest of the United States or pursuant to federal law in real property that is not subjected by federal law to the recording requirements of the state and that

## B. *Family Code section 291*

The present version of section 291, enacted in 2006, also is the product of a report and recommendation by the California Law Revision Commission. (Recommendation: Enforcement of Judgments Under the Family Code (Nov. 2005) 35 Cal. Law Revision Com. Rep. (2005) p. 161 (hereafter Law Revision Commission Report).) The Law Revision Commission sought to reduce confusion created by three different rules governing the period for enforcement of a money judgment or judgment for possession of property under the Family Code. (*Id.* at pp. 163–164.) The three rules identified by the Commission were: "(1) A judgment for possession or sale of property is subject to the ten-year enforcement period and renewal procedure provided by general enforcement of judgments law [former § 291]. [¶] (2) A judgment for support is enforceable until paid in full and is not subject to the equitable defense of laches . . . . The judgment may be renewed to update the amount owed on the judgment [Fam. Code, former § 4502]. [¶] (3) A non-support money judgment has no stated time period for enforcement and is not subject to the judgment renewal procedure or any exemption from laches [Code Civ. Proc., § 683.020]." (*Id.* at p. 165, fns. omitted.)

■ In adopting the recommendation of the Law Revision Commission, the Legislature repealed the former version of section 291 and enacted the present version: "(a) A money judgment . . . that is made or entered under this code, including a judgment for child, family, or spousal support, is enforceable until paid in full or otherwise satisfied." (Added by Stats. 2006, ch. 86, § 4.) Such family law judgments are expressly exempted from the requirement that a judgment be renewed, and failure to renew a judgment is declared to have "no effect on the enforceability of the judgment." (§ 291, subd. (b).) Although not required, a judgment may be renewed under section 291, subdivision (c).[3]

The Legislature expressly acknowledged existing law regarding the enforcement of a judgment after the death of the judgment creditor or debtor,

---

has not terminated under federal law. [¶] (c) An interest of the state or a local public entity in real property. [¶] (d) A conservation easement pursuant to Chapter 4 (commencing with Section 815) of Title 2."

[3] The 2006 legislation also repealed Family Code former section 4502, which had provided that a family law support judgment was enforceable until satisfied, need not be renewed, but could be renewed. (Stats. 2006, ch. 86, § 5.) The present version of Family Code section 4502 was enacted in its place, providing: "The period for enforcement and procedure for renewal of a judgment or order for child, family, or spousal support is governed by Section 291."

and provided: "Nothing in this section supersedes the law governing enforcement of a judgment after the death of the judgment creditor or judgment debtor." (§ 291, subd. (e).) No similar provision relating to the MRTA was included in the legislation.

## C. *Statutory Interpretation*

■ Established principles of statutory construction guide our analysis of the interaction of the MRTA with section 291. "When interpreting a statute, we endeavor to harmonize it with other enactments to the extent possible. (*Marathon Entertainment, Inc. v. Blasi* (2008) 42 Cal.4th 974, 991 [70 Cal.Rptr.3d 727, 174 P.3d 741]; see *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2006) 40 Cal.4th 1, 15, fn. 11 [50 Cal.Rptr.3d 585, 145 P.3d 462].)" (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1095–1096 [103 Cal.Rptr.3d 767, 222 P.3d 214].) "The law shuns repeal by implication and, if possible, courts must maintain the integrity of both statutes." (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 268 [15 Cal.Rptr.3d 244].) "We presume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules. [Citation.]" (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1056 [93 Cal.Rptr.3d 457].)

In addition to these principles, we also apply the established rule that "a specific statutory provision relating to a particular subject controls over a more general provision. That rule obtains even though the general provision standing alone is sufficiently broad to include the subject to which the specific statute relates. (Civ. Code, § 3534.) 'In the construction of a statute the intention of the Legislature . . . is to be pursued, if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it.' (Code Civ. Proc., § 1859.) '[I]t is . . . settled that when a special and a general statute are in conflict, the former controls. (Code Civ. Proc., § 1859.)' " (*Hughes Electronics Corp. v. Citibank Delaware, supra*, 120 Cal.App.4th at p. 270.)

## D. *Analysis*

The MRTA expressly is confined to security interests in real property. Nothing in its language addresses the enforceability of the underlying obligation secured by the deed of trust or note on real property. As we have discussed, Civil Code section 882.030 provides that an expired security

interest is "equivalent for all purposes to a certificate of satisfaction, reconveyance, release, or other discharge *of the security interest . . . .*" (Italics added.) The MRTA does not state that the underlying obligation secured by the expired security interest also is satisfied when the security interest expires.

In contrast, section 291 addresses family law judgments and orders rather than any security instrument. The MRTA was in effect when the Legislature enacted the present version of section 291 in 2006. Subdivision (e) of section 291 expressly states that the statute does not supersede the law governing enforcement of a judgment after a judgment debtor or creditor dies. A similar exception could have been made for security instruments coming within the MRTA, but was not. " 'We must assume that the Legislature knew how to create an exception if it wished to do so . . . .' (*City of Ontario v. Superior Court* (1993) 12 Cal.App.4th 894, 902 [16 Cal.Rptr.2d 32].)" (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].)

■ Mindful of the mandate that "[t]wo codes ' "must be read together and so construed as to give effect, when possible, to all the provisions thereof" ' [citation]" (*DeVita v. County of Napa* (1995) 9 Cal.4th 763, 779 [38 Cal.Rptr.2d 699, 889 P.2d 1019]), we conclude that section 291 does not bar the expiration of an instrument securing a family law judgment. We also conclude that the underlying family law judgment was not rendered unenforceable by the terms of the MRTA. The trial court correctly found that while Ms. Stein could not enforce the note or deed of trust on the Maclay property, Mr. Schelb was still obligated to satisfy the remainder of the family law judgment, with interest. We recognize that this may make collection of the remainder due on the family court judgment more difficult, but Ms. Stein failed to pursue an action on the note or deed of trust on the Maclay property until long after those interests had expired under the MRTA. It would be contrary to the purposes of the MRTA to allow her to delay an effort to enforce those interests from 1988 to 2007 when she filed her cross-complaint, a period of nearly 20 years.

### III

■ Mr. Schelb questions whether it is fair for Ms. Stein to invoke section 291, which was enacted in 2006, long after the 1991 modification. He cites case law for the proposition that a new law may not apply to an earlier transaction setting the rights and obligations of the parties. He also invokes the principle that new enactments should be applied prospectively absent a

clear legislative expression that statutes be applied retroactively. But, as he acknowledges, the Legislature expressly provided that provisions of the Family Code do apply retroactively. (See *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 186 [46 Cal.Rptr.3d 49, 138 P.3d 200] [discussing Jan. 1, 1994 operative date of the Fam. Code and § 4 of the code, the latter provides that amendments to the Fam. Code apply retroactively unless otherwise provided by law].)

Subdivision (h) of section 4 of the Family Code allows the court to apply either the new Family Code or the old law "to the extent reasonably necessary" to mitigate "substantial interference" with the rights of the parties in connection with an event that occurred before the operative date of the Family Code.[4] Mr. Schelb argues that once the note matured in 1994, it was rendered void and unenforceable by the MRTA 10 years later, in 2004. He also argues that Ms. Stein's failure to renew the 1988 judgment rendered it a nullity 10 years later. From this he concludes that the family law judgment had been "a dead letter for 8 years" by the time section 291 was enacted in 2006. No authority is cited to support this argument. He argues the trial court erred in concluding that section 291 disposed of the issues between himself and Ms. Stein.

Mr. Schelb's argument is based on an assumption that he would have fared better under the law in effect before passage of the new version of section 291 in 2006 because Ms. Stein would have had to renew the judgment within 10 years. The law prior to 2006 does not support this argument.

Former section 291, enacted in 2000, provided: "*A judgment or order for possession or sale of property* made or entered pursuant to this code is subject to the period of enforceability and the procedure for renewal provided by Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9 of Part 2 of the Code of Civil Procedure." (See Assem. Bill No. 2126 (2005–2006 Reg. Sess.) as introduced Feb. 21, 2006, italics added.) Section 683.020 of the Code of Civil Procedure provides a 10-year period of enforceability for judgments. But former section 291 was expressly limited to a judgment for possession or sale of property. The court in *In re Marriage of*

---

[4] Section 4, subdivision (h) provides: "If a party shows, and the court determines, that application of a particular provision of the new law or of the old law in the manner required by this section or by the new law would substantially interfere with the effective conduct of the proceedings or the rights of the parties or other interested persons in connection with an event that occurred or circumstance that existed before the operative date, the court may, notwithstanding this section or the new law, apply either the new law or the old law to the extent reasonably necessary to mitigate the substantial interference."

*Wilcox* (2004) 124 Cal.App.4th 492 [21 Cal.Rptr.3d 315], interpreted the former version of section 291 and concluded: "The plain language of Family Code section 291 leaves no doubt that the Legislature did not intend to subject Family Code money judgments to the 10-year limit for renewal under section 683.130." (124 Cal.App.4th at p. 499.)

In *Wilcox*, the family court had entered an order directing the former husband to make payments to his former wife because of his default on payments required by the judgment of dissolution. The Court of Appeal held that this order was "unequivocally a money judgment" under Code of Civil Procedure section 680.270 which defines " 'money judgment' " as " 'that part of a judgment that requires the payment of money.' " (*In re Marriage of Wilcox, supra*, 124 Cal.App.4th at p. 499.) In a footnote, the court concluded that the former husband's argument would fail even if the judgment were premised on his failure to satisfy property equalization payments: "Numerous money judgments result from property disputes of one form or another, but this certainly does not render them judgments for the possession or sale of property." (*Id.* at p. 499, fn. 10.)

We are satisfied that the judgment here was not a "judgment or order for possession or sale of property" within the meaning of former section 291, and therefore, Ms. Stein was not required to enforce it within 10 years under that statute. The legislative history of Assembly Bill No. 2126 of the 2005–2006 regular session, which repealed and reenacted section 291, supports this conclusion. An analysis of Assembly Bill No. 2126 prepared for the Senate Judiciary Committee examined the existing law regarding enforcement of family law judgments or orders. It noted that a judgment for possession or sale of property is subject to a 10-year enforcement period under former section 291. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2126 (2005–2006 Reg. Sess.) as amended Apr. 20, 2006, p. 2.) It also noted that a judgment for child, family, or spousal support is enforceable until paid in full and is exempt from any requirement that judgments be renewed. (*Ibid.*, citing Fam. Code, former § 4502.) The analysis expressly addressed the existing law as to enforceability of family law money judgments not for support: "Existing law does not provide a time period for enforcement of a non-support money judgment, nor are those judgments exempt from a defense of laches. [Code Civ. Proc., § 683.310.]" (*Ibid.*)

IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1440.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

Willhite, J., and Suzukawa, J., concurred.