Filed 7/14/21

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | No. BS 175803 |
| Petitioner, | ) | Torrance Trial Court |
| v. | ) | No. 0TR04543 |
| THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, | ) | |
| Respondent, | ) | **OPINION** |
| BEAU ESPESO, | ) | |
| Real Party in Interest. | ) | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Hon. David K. Reinert, Judge.  Petition is granted.

Patrick Q. Sullivan, Torrance City Attorney and Brandon J. Gonzaque, Deputy Torrance City Attorney, for Petitioner.

Robert S. Ernenwein and Michelle A. Mathes of the Law Offices of Robert Ernenwein for Real Party in Interest.

No appearance for Respondent.

\*          \*          \*

Petitioner the People of the State of California requested a writ commanding respondent Los Angeles County Superior Court to vacate its order placing real party in interest Beau Espeso on misdemeanor diversion regarding the charges of driving under the influence of

alcohol and driving with a blood-alcohol content of 0.08 percent or above (Veh. Code, § 23152, subds. (a) & (b).) We will issue a writ so ordering.

## BACKGROUND

Real party was charged on November 16, 2020, with the above crimes, along with the special allegation that his blood-alcohol content was 0.15 percent or higher when he drove (Veh. Code, § 23578). While his case was pending, the misdemeanor diversion statute (Pen. Code, § 1001.95)[1] was enacted, effective January 2021.

Real party filed a request for respondent to grant diversion under the law, indicating real party was voluntarily participating in an impaired driving education program, and stressing he did not have any other convictions. Petitioner filed an opposition, arguing diversion was not allowed under the statute, and in any event, real party was unsuitable to be diverted because, when he drove and was arrested, his blood-alcohol content was 0.22 percent, he lost control of his vehicle, jumped a curb, and destroyed part of a block wall surrounding a residence.

On April 6, 2021, respondent found the diversion law applied retroactively, and over petitioner's objection, determined real party was eligible and suitable for diversion. The court granted diversion and continued the matter for 24 months, ordering real party to complete court-ordered Alcoholics Anonymous sessions and pay victim restitution for knocking down the residence wall.

Petitioner filed the instant petition for a writ of mandate, requesting we vacate the order granting diversion. On May 19, 2021, having determined petitioner's request appeared to be meritorious, we issued a *Palma* notice indicating we would dismiss the petition as moot if respondent reconsidered and vacated its order and entered a new order denying diversion. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.) We also indicated that if respondent elected not to reconsider and vacate its order, it was to notify this court and, in that event, real party could file an opposition to the issuance of a peremptory writ in the first instance, followed by a reply by petitioner.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

On May 25, 2021, respondent stated in a minute order that it declined to vacate its order granting diversion. Real party filed an opposition, and petitioner filed a reply.

DISCUSSION

Because there are no issues of disputed fact and the case turns on statutory interpretation, we employ de novo review. (*People v. Lofchie* (2014) 229 Cal.App.4th 240, 250; *People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1276.)

"Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. [Citation.] Intent is determined foremost by the plain meaning of the statutory language. If the language is clear and unambiguous, there is no need for judicial construction. When the language is reasonably susceptible of more than one meaning, it is proper to examine a variety of extrinsic aids in an effort to discern the intended meaning. We may consider, for example, the statutory scheme, the apparent purposes underlying the statute and the presence (or absence) of instructive legislative history. [Citation.]" (*City of Brentwood v. Central Valley Regional Water Quality Control Bd.* (2004) 123 Cal.App.4th 714, 722.) "'When interpreting a statute, we endeavor to harmonize it with other enactments to the extent possible.' [Citations.] 'The law shuns repeal by implication and, if possible, courts must maintain the integrity of both statutes.' [Citation.] 'We presume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules. [Citation.]' [Citation.]" (*Schelb v. Stein* (2010) 190 Cal.App.4th 1440, 1448.)

Section 1001.95 provides as follows.

> (a) A judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions.

> (b) A judge may continue a diverted case for a period not to exceed 24 months and order the defendant to comply with terms, conditions, or programs that the judge deems appropriate based on the defendant's specific situation.

> (c) If the defendant has complied with the imposed terms and conditions, at the end of the period of diversion, the judge shall dismiss the action against the defendant.
> (d) If it appears to the court that the defendant is not complying with the terms and conditions of diversion, after notice to the defendant, the court

3

shall hold a hearing to determine whether the criminal proceedings should be reinstituted. If the court finds that the defendant has not complied with the terms and conditions of diversion, the court may end the diversion and order resumption of the criminal proceedings.

(e) A defendant may not be offered diversion pursuant to this section for any of the following current charged offenses:

(1) Any offense for which a person, if convicted, would be required to register pursuant to Section 290 [sex offender registration].

(2) A violation of Section 273.5 [inflicting a corporal injury resulting in a traumatic condition upon a domestic violence victim].

(3) A violation of subdivision (e) of Section 243 [battery on a domestic violence victim].

(4) A violation of Section 646.9 [stalking].

The statute was enacted after real party was charged with the misdemeanor offenses. Nonetheless, neither petitioner nor real party maintains the statute was inapplicable. Since the statute provides for a potential ameliorative benefit, we conclude a person charged with a misdemeanor has the right to have the court determine if the person is eligible and suitable for a grant of diversion so long as the person's case is not final. (See *People v. Frahs* (2020) 9 Cal.5th 618, 639; see also *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

We agree with petitioner that driving under the influence of alcohol is not an offense which is eligible for misdemeanor diversion. Vehicle Code section 23640, subdivision (a), provides, in relevant part, "In any case in which a person is charged with a violation of [Vehicle Code] Section 23152 or 23153, . . . the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs . . . ."

To the extent there is a tension between Vehicle Code section 23640 and the misdemeanor diversion statute, it must be resolved in favor of both statutes being "read together and so construed as to give effect, when possible, to all the provisions thereof," and

4

"all presumptions are against a repeal by implication." (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955-956; see, e.g., *Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 579 ["[I]f the Legislature had intended [driving under the influence] defendants to be eligible for pretrial mental health diversion, it would have repealed or amended Vehicle Code section 23640, or it would have 'carve[d] out an exception' to Vehicle Code section 23640 in Penal Code section 1001.36," citing *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439, 447-448.)

Acknowledging that Vehicle Code section 23640 and section 1001.95 are in conflict, real party argues the legislative history of section 1001.95 shows an intent to repeal Vehicle Code section 23640. As noted by *Tellez v. Superior Court*, *supra*, 56 Cal.App.5th at p. 448, a general canon of statutory construction, such as the one providing repeals by implication are abhorred, may be overcome when the legislative history of a statute shows a clear intention to repeal or render inoperative the conflicting law. We conclude real party failed to rebut the presumption against a repeal by implication of Vehicle Code section 23640, because the legislative history does not reveal a clear intent.

Real party points to transcripts of legislators commenting that driving under the influence would be eligible for diversion when the bill that enacted section 1001.95 (Assem. Bill No. 3234 (2019-2020 Reg. Sess.)) was debated in September 2020. Real party notes the fact the bill was thereafter enacted without excluding driving under the influence cases from section 1001.95 shows an intent to allow diversion to be granted in these cases. However, even assuming the comments can be relied on regarding legislative intent, a different inference is also possible: namely, that the Legislature, by not specifically stating diversion would be allowed for driving under the influence cases, and/or amending Vehicle Code section 23640 to carve out an exception for section 1001.95 diversion intended that no diversion would be granted in misdemeanor driving under the influence cases. (See *Moore v. Superior Court*, *supra*, 58 Cal.App.5th at p. 579; *Tellez v. Superior Court*, *supra*, 56 Cal.App.5th at pp. 447-448.)

Real party also maintains a pilot program that preceded section 1001.95 shows a legislative intent to allow diversion to be granted in driving under the influence cases under

section 1001.95. Assembly Bill No. 2124 (2013–2014 Reg. Sess.) enacted a three-year "Deferral of Sentencing Pilot Program" which authorized courts in Los Angeles County to grant deferred entry of judgment in misdemeanor cases, and the statute specifically excluded driving under the influence cases, along with many other offenses, from being eligible. (See former § 1001.98, subd. (h)(3).) Real party notes one legislator commented while the bill that enacted Penal Code section 1001.95 was being considered that section 1001.95 diversion was based on the Los Angeles pilot. Real party argues that, in contrast with the pilot statute, the fact section 1001.95 did not exclude driving under the influence shows an intent to allow diversion in section 1001.95. Yet, even if the pilot was Penal Code section 1001.95's predecessor, failing to state in section 1001.95 that driving under the influence is excluded does not show an unequivocal intent to allow diversion in driving under the influence cases. Real party's argument is speculative, as the Legislature could have just as easily come to the realization that the exclusionary language was unnecessary in light of Vehicle Code section 23640.

Lastly, real party relies on *Tellez v. Superior Court*, *supra*, 56 Cal.App.5th at pp. 449-450, when comparing the mental health diversion law and Penal Code section 1001.95, commenting, "In 1982, the Legislature enacted two sets of statutes providing for misdemeanor diversion programs. (Pen. Code, §§ 1001–1001.9, 1001.50–1001.55 . . . .) When the Legislature did so, it expressly excluded DUI offenses from eligibility. (Pen. Code, §§ 1001.2, subd. (a), 1001.51, subds. (b), (c)(6).) In view of that history, the Legislature's failure to expressly exclude DUI offenses this time around is a good indicator that it intended DUI offenses to be eligible for the new misdemeanor program." As the Court of Appeal's holding was confined to determining mental health diversion cannot be granted in driving under the influence cases, the comments were dicta, which is not binding on us. The Court of Appeal preceded its comments by stating, "We do not believe it is clear whether [driving under the influence] offenses are eligible for the new misdemeanor diversion program, and we need not decide the issue." (*Tellez v. Superior Court*, *supra*, 56 Cal.App.5th at p. 449.) Also, the Court of Appeal did not analyze the scope of the 1982 diversion statutes, which both require prosecution approval for diversion (see Pen. Code, §§ 1001.2, subd. (b), 1001.50, subd. (b)),

6

and the extent to which the Legislature may have perceived a need to highlight that diversion is prohibited due to Vehicle Code section 23640 not specifically stating diversion is barred when the prosecutor consents to a case being diverted. (See *People v. Scheid* (1997) 16 Cal.4th 1, 17 ["'an opinion is not authority for a proposition not therein considered'"].)

Petitioner acknowledges, after Assembly Bill No. 3234 was approved by the Legislature, the Governor, in his message signing the bill, stated, in relevant part, "To the Members of the California State Assembly: [℗] I am signing Assembly Bill 3234, which would create a court-initiated misdemeanor diversion program . . . . [℗] However, I am concerned that the crime of driving under the influence was not excluded from the misdemeanor diversion program. I will seek to expeditiously remedy this issue with the Legislature in the next legislative session." (<https://www.gov.ca.gov/wp-content/uploads/2020/09/AB-3234.pdf> [as of July 6, 2021].) Even if the Governor's understanding was that diversion could be granted for driving under the influence cases under the bill he signed, we agree with petitioner the statement does not shed light on whether the Legislature intended to allow diversion in driving under the influence cases. (See *Moore v. Superior Court*, *supra*, 58 Cal.App.5th at p. 582, fn. 12; see also *Coastside Fishing Club v. California Resources Agency* (2008) 158 Cal.App.4th 1183, 1196, fn. 7 ["We do not think a Governor's post hoc signing statement is ordinarily a reliable indication of legislative intent"].)

Likewise, we find the fact that a bill is *currently* pending in the Legislature barring courts from granting diversion in driving under the influence cases (Assem. Bill No. 282 (2021–2022 Reg. Sess.) does not reflect on what the Legislature intended in *2020* when it approved legislation failing to specify one way or another whether diversion could be granted in these types of cases. (See Assembly Bill No. 282 (2021–2022 Reg. Sess.) As noted in a legislative committee analysis for the bill, the Legislature was told new legislation was needed to "clarify" whether diversion was allowed in these cases, and to "correct [an] ambiguity in the court initiated misdemeanor diversion statute enacted by AB 3234 – whether a misdemeanor DUI offense is eligible for court initiated diversion." (Assem. Comm. on Public Saf., Analysis of Assem. Bill No. 282 (2021-2022 Reg. Sess.) as introduced January 21, 2021, pp. 4-5.)

7

In sum, the Legislature approved a bill in enacting section 1001.95 which was silent on whether misdemeanor diversion can be granted in driving under the influence cases. Against this backdrop, Vehicle Code section 23640, subdivision (a), in crystal clear language, bars diversion in such cases. We cannot discern an intent to overcome the rule that "[t]he law shuns repeal by implication" (*Schelb v. Stein*, *supra*, 190 Cal.App.4th at p. 1448). We therefore give effect to both statutes, by finding a person is eligible to be considered for a grant of diversion in all cases, *except* the ones specifically listed in section 1001.95, subdivision (e) (cases where a person must register as a sex offender, domestic violence, and stalking), *and* driving under the influence cases as provided in Vehicle Code section 23640, subdivision (a).

## DISPOSITION

Let a peremptory writ of mandate issue in the first instance directing respondent to vacate its April 6, 2021 order granting diversion, and enter a new order denying diversion.

_____

Ricciardulli, J.

We concur:

_____     _____

Kumar, Acting P. J.                                    Richardson, J.